Parsons, C. J.
[After stating the history of the action, to the demandant’s motion for an habere facias seisinam.] The ground of this motion is, that the statute called from its title The Limitation and Settlement Act, extends only to cases where the tenant has no title, but only a naked possession and improvement; and particularly that it does not extend to cases where the parties are tenants in common of the tenements described in the writ, because, as between them, an action of account lies, in which account the expenses of repairs must be deducted from the profits.
The third section of the statute enacts, that where any action has been or may be commenced for the recovery of lands, which the tenant holds by virtue of a possession and improvement, and of which he, or those under whom he claims, have had the actual possession for six years or more, the jury, at the request of the tenant, shall find the value of the improvements, and also, upon the requisition of the demandant, shall find the value of the tenements, if they had not been improved. If the verdict be for the demandant, ne shall have judgment on it; but the special * provision relates to the award of execution. If the de- [ * 308 ] mandant shall, at the same term when the verdict is found, elect to abandon the premises to the tenant at the unimproved value so found by the jury, if the tenant within a year pay into Court, for the demandant’s use, that value, with interest, he shall have a good title against the demandant and his heirs; otherwise, at the expira *252 tian of the year, the demandant shall have execution on his judgment. But if the demandant shall not make such election, he shall have no execution on his judgment, unless he pay to the tenant’s use the value of the improvements, as found by the jury, within one year; on which payment he may have an habere facias seisinam.
From these provisions, it has been argued for the demandant, that the tenant, holding in common with the demandant, had not a possession and improvement within the statute, it being supposed that the terms possession and improvement in the statute exclude all title.
This statute supposes that the writ may well be sued against the tenant, for the demandant to recover seisin. The tenant, therefore, must have the freehold either by right or by wrong; for the freehold cannot be lawfully demanded, but against him who has a freehold. The tenant’s possession and improvement must, then, be a seisin of a freehold estate. Now, this seisin is a title against all who have not a paramount title. Against strangers who enter and oust the occupier, he may maintain a real action, or, upon re-entry, an action of trespass. We cannot, therefore, conclude that no case is within the statute where the tenant has any title.
To adopt the demandant’s construction would further be inequitable, as the statute would thus be made to grant indulgences to persons who entered as disseisors, without color of title, which were not allowed to persons who might enter under a defeasible title, and improve the lands, honestly believing that they had right.
[*309] *The statute, in its true construction, must, in our opinion, extend to all cases where the tenant, or those under whom he claims, has been in possession six years or more before the commencement of the suit, by any title whatever, if the demandant has a better title.
As to the accountability of the tenant for the rents, out of which the repairs may be deducted, we do not see any argument resulting from it against this construction. Account can only lay for six years’ rents, and, although the repairs may be discounted, yet the expense of new improvements cannot be considered as expenses in making repairs. If the demandant, being a tenant in common, thinks proper to pay his proportion of the expense of those improvements, he may claim of the tenant in common his proportion of the profits increased by the improvements, if he can maintain any action of account.
The demandant has not contested the constitutionality of this statute, so far as may affect actions sued after its passage, but denies it as affecting actions pending at that time. We see no *253 ground for this distinction ; and if it were competent for the legislature to make these provisions, to affect actions after to be commenced, the same provisions might apply with equal authority to actions then pending. (1)
But it will be remembered that we give no opinion as to the general constitutionality of this statute, that point not having been questioned by either party. When parties are before us, who claim rights adverse to the statute, it will then be time enough to decide on its legal effect. The present case is, in our opinion, within the true intent of the statute, and in awarding execution the Court must be governed by it.
05= At this term, in the case of Jesse Cox &, Al. vs. John Cal lender, the same point was made, and decided in the same manner

 [Anmer vs Cattle, 5 Bingh. 208. — 2 M. & P. 367. — Churchill vs. Crease, 5 Bing 177.— Terrington vs. Hargreave, 5 Bingh. 481.— Gilmore vs. Shooter, 2 Show. 16. — 7. Jones, 108. — 1 Vent. 330. —2 Mod. 31. — King vs. Sparrow, 2 Str. 1123.— Ansell vs. Ansell, 3 C. & P. 564. — Kirkhanger vs. Herbert, Wilkinson's Lim. 145. Fowler vs. Chatterton, Wilk. Lim. 146. — Ed.]