## SUPREME JUDICIAL COURT,

FOR THE COUNTIES OF

## KENNEBEC AND SOMERSET.

### SEPTEMBER TERM,

### 1820.

---

### BRACKET *v.* NORCROSS.

A tenant in common who has ousted his co-tenant, is entitled, in a writ of entry against him, to have a moiety of the increased value of the premises by reason of his improvements ascertained by the jury, under the Statutes of *Massachusetts* of 1807, *chap.* 75. and 1819, *chap.* 269. and Statute of *Maine* of 1820, *chap.* 28.

Of the evidence of an ouster of one tenant in common, by his companion.

IN this case, which was a *writ of entry*, possession was demanded of an undivided moiety of two several tracts of land in the town of *Chesterville*. At the trial, which was had on the general issue before WILDE J. at *October* term 1819, the demandant's title was admitted; as was also the tenant's title to the other undivided moiety of the land, the two tracts having been granted to the parties about twenty-one years since, to hold in equal moieties, as tenants in common.

It was proved that in *May* 1808, the demandant authorized one *Gorden* to demand possession of the premises described in the writ, and that he accordingly did at that time make the demand, which he has since repeated :—but that the tenant has uniformly refused to admit the demandant to enter on either of the tracts of land, or to suffer *Gorden* to occupy them in his behalf; and at one time he denied the demandant's title to the land, and has ever since retained the exclusive possession and occupation of it.

The tenant's counsel objected that this evidence was not sufficient proof of an ouster of the demandant; but this objection the Judge overruled.

The tenant claimed allowance for one half of the improvements made by him on these tracts of land, and for one half of the expenses incurred in erecting and repairing the buildings thereon. This claim was resisted by the demandant, on the ground that the tenant could not entitle himself to such allowance under *Stat.* 1807, *chap.* 75. because there was no evidence that he ever held the demanded premises previous to the passage of that Statute;—that he had possession of the two tracts of land with the consent of the demandant, the tenant having made the purchase by his request in their names, and that he had a perfect legal right to take possession; but that until *May* 1808, he never claimed the demandant's moiety, which, until that time, in estimation of law, was held by the demandant.

Intending to reserve this question for the consideration of the whole Court, the Judge admitted the evidence offered on the part of the tenant, and a verdict being found for the demandant, the moiety of the improvements and buildings on the land were accordingly estimated by the jury.

If this evidence was rightly admitted, and the tenant, in the opinion of the Court, should be entitled to allowance for such improvements, then it was agreed that judgment should be entered on the verdict;—otherwise, the verdict was to be set aside, and the tenant be defaulted; unless the Court should be of opinion that the demandant was not entitled to recover upon the point first made.

The case was briefly spoken to, before the Reporter entered on the duties of his office, by *R. Williams* for the demandant, and *Bond* for the tenant; and the opinion of the Court was afterwards delivered as follows: by

PREBLE J. The first question submitted in this case, though not much pressed in the argument, is, whether there was sufficient evidence of *actual ouster* to enable the demandant to maintain his action.

Bracket v. Norcross.

On adverting to the evidence as reported by the Judge, who presided in the trial, we find, " The agent of the demandant had " repeatedly demanded possession"—" the tenant uniformly refused " to admit the demandant to enter"—or " to suffer demandant's " agent to occupy"—he also " denied demandant's title and has " ever since held the exclusive possession and occupation." " If, " says Ld. Coke, tenant in common drive out of the land any " cattle of the other tenant in common or not suffer him to enter " or occupy the land, this is an ejectment or expulsion." Co. Litt. 199. b. And Ld. Mansfield in Doe v. Prosser, Cowp. 217. remarks,—" Some ambiguity seems to have arisen from the term " actual ouster" as if it meant some act accompanied with real " force, or as if a turning out by the shoulders were necessary ; " but this is not so. A man may come in by rightful posses- " sion and yet hold over adversely without a title ; if he does, " such holding over, under circumstances, will be equivalent to " actual ouster." Again " if upon demand by the co-tenant of " his moiety [of the rents and profits] the other denies to pay " and denies his title saying he claims the whole, and will not " pay, and continues in possession, such possession is adverse, " and ouster enough." A bare perception of the whole profits does not of itself amount to an expulsion. Fairclaim v. Shackle- ton, 5 Burr. 2604. Yet even an undisturbed and quiet posses- sion for a great length of time is sufficient ground for a jury to presume an actual ouster. Doe v. Prosser, supra. These au- thorities are decisive of the question in the case at bar, as to the sufficiency of the evidence of ouster.

The question, whether one tenant in common, in an action brought against him to recover possession by a co-tenant who had been ousted, can avail himself of the provisions of the betterment Act so called, was settled by the Supreme Judicial Court of Massachusetts soon after that Statute was passed. In Bacon v. Callender, 6 Mass. 303. the Court held that tenants in common are, in regard to the Stat. 1807. ch. 75, or better- ment Act, placed upon the same footing with other persons holding lands by virtue of a possession and improvement. That Statute, however, extends only to cases of possession actually existing at the date of its passage. And the possession of one tenant in common being the possession of his co-tenants until

Bracket *v*. Norcross.

actual ouster, and there being no evidence of an ouster prior to *May* 1808, the demandant contends that the case at bar is not within that Statute.

We have already seen that there was sufficient evidence of actual ouster in *May* 1808, which is more than six years before the commencement of the present action. Now the legislature of *Massachusetts* by *Stat.* 1819. *chap.* 269. extended the provisions of the *Stat.* 1807. *ch.* 75. to all cases where the possession has continued for six years or more next before the commencement of the suit. This Statute, by express terms, applies as well to actions which had already been commenced, as to actions that might thereafter be instituted. Since the establishment and organization of this State, the same provisions have been reenacted by our own legislature in the *Stat.* 1820, *chap.* 28. In extending the provisions of the Statute to actions pending, the intention of the legislature was, not to interfere with the vested rights of the parties, but merely to give a remedy for the right to betterments, which already existed in equity and good conscience, and which there had been no means before provided by law for enforcing. If the power of the legislature thus to extend the provisions of the Statute should be questioned, this point was also before the Court in the case of *Bacon v. Callender*. In delivering the opinion of the Court, Chief Justice *Parsons* remarks, "if it were compe-"tent for the legislature to make these provisions to affect ac-"tions after to be commenced, the same provisions might ap-"ply with equal authority to actions then pending."

*Judgment on the verdict.*

*Note.* The Chief Justice, having been of counsel with the plaintiff, gave no opinion.