## SETH MASON *et ux. versus* WILLIAM RICHARDS.

In order that one may be entitled, by virtue of his possession of land for more than six years, to the value of improvements made by him on the land, it is necessary that the possession should be adverse to the owner of the land.

Where, therefore, a person had lived with a husband and wife more than six years, on a farm belonging to the wife, and managed the farm, receiving the profits and allowing the husband and wife their support out of the same, and made improvements under the expectation of holding the land by devise from the wife, and the wife died, having devised the land to him, but the will was ineffectual in consequence of having been made during the coverture, it was *held*, in a real action brought against him by the heir of the wife, that he was not entitled to the value of his improvements, because his possession, if he had any, was not adverse to the title of the wife.

ENTRY *sur disseisin ;* wherein the demandants claimed an undivided third part of certain land, in right of the wife as an heir of Abigail Richards. The tenant pleaded *non disseisivit,* and pursuant to *St.* 1807, *c.* 75, prayed that the jury might return the value of the improvements made by him on the land. The demandants denied that he was entitled to the benefit of the statute, and so it was ruled by *Morton* J., before whom the action was tried. It appeared in evidence, that William Richards, the elder, and Abigail, his wife, the uncle and aunt of William, the tenant, were seised in fee of the demanded premises in her right, under a deed to her dated in 1792, and continued so seised until her death, in May 1832. Abigail never had issue by the marriage. The tenant had, from his youth, lived with William the elder and Abigail, and for about twelve years before the death of Abigail (she and William the elder being aged) had managed the land and taken the profits thereof, making such improvements as he saw fit, and allowing William the elder and Abigail their support out of the produce of the land ; and he continued to manage the land from the death of Abigail until after the commencement of this action.

Abigail, while a feme covert, about twelve years before her death, by her will, which was offered in the case but rejected by the judge, devised the whole of the land to the tenant , which will had not been allowed by the judge of probate, though offered for probate.

*Metcalf* and *Leland,* for the tenant.

*Richardson,* for the demandants.

SHAW C. J. afterwards drew up the opinion of the Court. The only question is, whether the defendant, William Richards the younger, is entitled to the claim of betterments, under the statute. By *St.* 1807, *c.* 75, § 3, extended by *St.* 1819, *c.* 144, to subsequent and accruing cases, persons holding by virtue of a possession and improvement, and which the tenant or person under whom he claims, has had in actual possession, for the term of six years or more, before the commencement of the action, shall be entitled, in the mode prescribed, to the value of his improvements.

This statute was no doubt originally intended to apply to those, who had entered upon uncultivated land, without title or color of title, and held more than six years and made valuable improvements. But it was early held, that the statute extended to those who entered under a colorable title believed to be good, but which upon investigation, and action brought, has been found to be invalid. *Bacon v. Callender,* 6 Mass. R. 303. This is no doubt within the equity, if not within the letter of the statute. Because, when the title is found to be invalid, the effect of the judgment is to show that it was bad from the beginning, and so the tenant, whatever may have been his belief at the time, has in fact held by virtue of a possession.

But the case necessarily supposes, that the tenant has an actual possession, and has had it for the required term, by himself, or those under whom he claims, adverse to him who ultimately recovers by a paramount title, or to those under whom he claims. This results from the terms, " holding by virtue of a possession," and " having had actual possession," as used in the statute. If the tenant has had the occupation, by hire, contract or tenancy, under the owner who subsequently recovers, the possession of the tenant is legally the possession of the owner, under whom he holds, and he cannot be said to hold by possession. So it was held in *Knox v. Hook,* 12 Mass. R. 329, where the tenant entered under an agreement with the owner for a purchase, which was never completed, and in pursuance of which therefore no deed was

given   The tenant being let into possession under the agreement, was the tenant of the owner, either at will or for years, according to the nature of the agreement.   But the holding being under, and not adversely to the owner, although continued long beyond the term of six years, it was determined that the tenant could not sustain his claim to the value of his improvements, under the statute.

There is a strong reason for adopting this construction, independently of the particular phraseology of the statute, in this, that when one has come into possession by license or contract, the relative rights and obligations of the parties may be adjusted, and in legal contemplation are taken to be adjusted and regulated by the terms of the contract.

In the present case, the facts show, that William Richards the elder and his wife, were seised of the premises in her right, and so continued till her decease, within two years before the action.   If the defendant, William Richards the younger, can be said to have had any possession, during their lives, of which we have much doubt, it was entirely under and not adversely to the title of Richards the elder, and his wife, until her decease.   The defendant lived with his uncle and aunt, and superintended the farm, and made the improvements under an expectation, that he was to have the estate by devise after the death of the wife.   Such a will was in fact made, but was inoperative, and the devise failed.

Considering therefore, that prior to the death of the wife of Richards the elder, the possession of the defendant, if any he had, was under and not adverse to that of the owner, and that since her decease, his possession has not continued six years, we are of opinion that he has not held by virtue of a possession, according to the statute, so as to entitle him to the value of his improvements.