Daniel Coit v. Robert C. Waples and Ephraim P. Zirkle.

DANIEL Coit, Plaintiff in Error, vs. ROBERT C. WAPLES and EPHRAIM P. ZIRKLE, Defendants in Error.

Under the Statute of Replevin of Wisconsin it is necessary to allege a *wrongful* taking: and a Declaration from which such allegation is absent is bad upon demurrer, but will be cured after verdict; and after a Plea upon the merits it is too late to review an erroneous decision of the Court below in overruling the demurrer.

Under the Wisconsin Statute of Replevin, a Plea of the general issue to an action of Replevin in the *cepit* puts in issue only the taking Land, the time and place where (in cases where the place is material), but does not put in issue the title to the property.

This Court will not award a new trial on the ground that the District Court refused an adjournment asked to procure testimony impertinent to the issue, nor on account of the admission of testimony in support or rejection of testimony in controversion of an issue not made by the pleadings. Such testimony is immaterial, and, by legal necessity, cannot influence the verdict. So of instructions to the Jury upon irrelevant topics.

Where improper evidence is received, or competent evidence rejected, and exception is taken, and the party excepting afterwards introduces legal evidence of the same fact, he thereby waives all advantage of his exception.

The Court below charged the Jury "That, if they believed from the evidence that the property was forcibly taken from the Plaintiffs after its delivery to them by those under whom the Defendant claims title, they must find for the Plaintiffs." Of this the Defendant cannot complain, but rather the Plaintiffs, as proof simply of a *wrongful* taking would have warranted a verdict.

A Lien may be assigned, but such assignment must be subordinate to the rights of the principal owner. An absolute sale of the property is tortuous, forfeits the lien, and passes no benefit to the purchaser, except, in the case of an actual delivery, it protects him from an action of Trespass or Replevin in the *cepit*, against the principal owner.

The length of time a Jury shall be kept together is a matter within the discretion of the Court, and cannot be reviewed on error.

Where, upon the trial, both parties consent that the Jury may take the minutes of Testimony, and after the lapse of four hours the Judge recalls them and reads a Deposition which was introduced in evidence, it is not Error: especially in the absence of a specific objection, and where the testimony is immaterial.

"The Jury find and return a verdict for the Plaintiffs and against the Defendant, and costs of suit," in an action of Replevin, is a correct verdict in substance, and where the intention is obvious, the Court will give effect to the verdict as intended. It may be amended in matters of form. The words "and for costs" must be rejected as surplusage, but in no wise affect the finding upon the issue.

The Statute of Wisconsin which provides that the Jury shall assess the value of the property claimed in Replevin is merely directory, and need not be followed except in cases where an assessment is necessary as the foundation of judgment upon the issue.

Daniel Coit *v.* Robert C. Waples and Ephraim P. Zirkle.

'.The question of costs must be determined by the Statutes in force at the time of the trial; and, where the Jury fails to assess the value of the property in controversy, the costs must be nominal. The Plaintiff in the action may waive this Error against him and abide the verdict, but the defendant cannot complain.

'The decision of a District Court on a motion for a new trial cannot be reviewed on Error.

Where in an action of Replevin the Jury find generally for the Plaintiff *with costs,* this Court will so amend the verdict and judgment as to assess the damages at six cents and limit the costs recoverable to the same sum.

This was an action of Replevin, brought in the year 1850, in the County of Washington. The Declaration charges the Defendant with the taking, and *unjust* detention, of a quantity of lumber and lath, of the estimated value of $800, on the 12th day of September, 1850, of the Plaintiffs.

The Defendant demurred to the Declaration, assigning, among other grounds, the following, viz:

There is no allegation that the property claimed was wrongfully or illegally taken at the time and place in the Declaration mentioned.

The Declaration does not allege a wrongful taking and detention of the property claimed by the Defendant.

The demurrer was overruled by the Court below, and the Defendant pleaded ever denying the taking and detention in manner and form, &c.

The action came on for trial at the October Term, 1852. At this Term the Defendant moved for a continuance upon affidavit, showing the absence of testimony affecting the title to the property in controversy. His Honor, Judge Cooper, overruled the motion, and the trial was proceeded with.

One of the Plaintiffs being called and sworn, was shown a written Agreement purporting to be executed between the Plaintiffs and one McLaughlin, April 29th, 1850, witnessed by one Thomas Keeling. The witness testified that the Plaintiffs were partners, and he signed the instrument and saw McLaughlin sign it.

Christopher Pelon testified that lumber of the description of that claimed was taken forcibly from the possession of the Plaintiffs, and also the manner in which they acquired possession. After which the Plaintiffs offered in evidence the agreement tes-

tified to by one of the Plaintiffs as before stated. To the introduction of this agreement the Defendant objected, on the grounds : *First,* The paper is not properly proved, being authenticated by one of the parties and not by the subscribing witness. This objection was overruled, and further objection was made that the agreement was irrelevant, as neither the parties nor the property in dispute were shown to be connected with the instrument. Whereupon, the . Plaintiff offered Robert C. Waples, one of the Plaintiffs : to which the Defendant objected, that he was a party to the action, and the issue having been joined before parties were made competent by statute to testify, must be tried without reference to such statutes. The Court overruled the objection, and the Defendant excepted.

Waples testified, substantially, that a contract between one Perkins and McLaughlin, of date April 18th, 1850, was not in his possession, and had not been attainable by him : that a contract between the Plaintiffs and McLaughlin, of date Nov. 14, 1849, had been torn up at the request of McLaughlin's agent.

To this evidence the Defendant objected. The objection was overruled and exception noted.

The written Agreement of April 29th, 1850, between Plaintiffs and McLaughlin, was again offered and was received under objection.

By this Agreement, in substance, so far as here relevant, the Plaintiff agreed to pay and deliver to McLaughlin certain notes and drafts, amounting to $7,580 08, in consideration of which McLaughlin agreed to deliver to the Plaintiffs 500,000 feet of white-pine lumber, to be sawed according to a contract between one Perkins and McLaughlin, of date April 18th, 1850 : all of which lumber, with the lath and slats made therefrom, McLaughlin agreed to deliver to the Plaintiffs, at the Warehouse Eddy, St. Croix Falls, at $10 per thousand for lumber, and $2 per thousand for lath. It was also agreed that, in case accident prevented the lumber from being sawed, then a contract between Plaintiff and McLaughlin, of date November 14, 1849, should be of force : otherwise void. Plaintiffs agreed to superintend the sawing by an agent, witnessed by Thomas Keeling.

Waples further testified that lumber and lath, made under this contract, was afterwards in Defendant's possession, and was the lumber replevied.

Christopher Pelon, recalled, said that he superintended the sawing of the lumber and lath sawed under this contract, and that it came to Plaintiff's possession.

The Plaintiff then offered to read in evidence the deposition of George W. Brownell, which was objected to on the ground that the certificate of the Commissioner before whom it was taken is defective and insufficient, and not in compliance with the Statute. The objection was overruled, and the decision excepted to. The purport of the testimony received under the Deposition was, to establish title to the property in dispute in the Plaintiffs.

The testimony of the Plaintiffs having closed, the Defendant was sworn, and testified that he bought the property in dispute of one Perkins.

The Defendant here offered to prove that the Plaintiffs had refused to pay one of the notes mentioned in the contract of April 29th, 1850 : to which the Plaintiffs objected, and the objection was sustained. The Defendant excepted.

Testimony was also offered and received tending to show, that the Defendant purchased the lumber and lath in controversy of Perkins, who had a lien for sawing.

The testimony closed, and His Honor, the Judge, charged the jury :

*First.* That if they believed, from the evidence, that the lumber in controversy was delivered to the Plaintiffs, or their agent, at the Warehouse Eddy, it is a delivery to the Plaintiffs under the contract: and they must find for the Plaintiffs.

The Defendant excepted.

*Second.* That, if the jury believed, from the evidence, that the lumber in controversy was forcibly taken from the possession of the Plaintiffs after delivery to them, by those under whom Defendant claims title, they must find for the Plaintiffs.

The Defendant excepted.

*Third.* That, if the jury believed that after the lumber was sawed it was delivered to the agent of McLaughlin, or the Plaintiffs, by those who sawed it under the contract or suffered

the agent to take possession of it, and by him put into possession of Plaintiffs, the Plaintiffs' title is good, and they must recover.

The Defendant excepted.

*Fourth.* That, if the jury believed that those who sawed the lumber delivered it without receiving their pay, they lost their lien upon the lumber.

The Defendant excepted.

The Defendant requested the Judge to charge, that if the Plaintiffs relied upon the written contract for title to the lumber, they must show performance of the conditions precedent by them to be performed in the said contract.

The Court refused so to charge, and the Defendant excepted.

The Defendant also requested the Court to charge the jury, that if the sawyers of the lumber had a lien for their labor the raftsman who rafted it could make no delivery to deprive them of such lien.

The Judge charged, that under such facts no such delivery could be made to the prejudice of the lien unless the raftsman was the agent of, or in the employ of the sawyer or the Plaintiffs, in which case a delivery to him was a delivery to the Plaintiffs.

The Defendant also requested the Judge to charge, that the Statutes of Wisconsin gave a lien to original contractors performing labor on lumber under contract for one year.

The Judge refused so to charge, but did charge: that such lien existed for six months, and was lost upon voluntary severance of possession. The Defendant excepted.

The Defendant also requested the Judge to charge, that if they believed the sawyer was in possession under his lien, and, being so in possession, sold to the Defendant, for valuable consideration, without notice of any adverse claim, the title to the disputed property was in the Defendant.

The Judge refused so to charge, but did charge: that a lien for labor bestowed gave no right to the party having such lien to sell the property, except in pursuance of the Statute and by process of law. The Defendant excepted.

The jury retired; and, after an absence of some time, returned into Court, and informed the Court that they were un-

Daniel Coit *v.* Robert C. Waples and Ephraim P. Zirkle.

able to agree, and requested further instructions. The Court informed them that the questions of fact were theirs to consider exclusively, and that he could give them no instructions; but for the information of the jury, commenced to read to them the minutes of testimony : whereupon, counsel upon both sides consented that the minutes be delivered to the jury. The jury retired, and after they had been absent for four hours, the Judge discovered that by inadvertance he had omitted to submit to them the Deposition which was read in evidence : upon which the jury were recalled, and the Deposition read to them.

The record shows a general exception to the proceedings of the Judge.

The jury returned a verdict, finding the title of the property in the Plaintiffs, and the right of possession in them : and found in favor of the Plaintiffs, and against the Defendant, with costs.

The Defendant objected to the verdict,—

*First.* That it did not assess the value of the property, as required by statute.

*Second.* That it was not in accordance with the declaration, and not a correct verdict upon the issue.

*Third.* That it was insufficient, and judgment could not be rendered upon the issue thereon.

*Fourth.* That it was against the law and evidence of the case.

Upon a statement of the case, of which the substance is here given, the Defendant moved in the Court below for a new trial. The motion was denied, and the case is brought into this Court by writ of Error.

Ames & Van Etten, for Plaintiff in Error.

Emmett & Moss, for Defendants in Error.

*By the Court.*—Chatfield, J.   I think the motion of the Defendants in Error to dismiss the writ of Error in this case, should be denied.   It is not allowable to controvert the record by affidavit, and the record shows that the judgment was ren-

dered in February, previous to the issuing of the writ of Error, in August. The return day of the writ of Error is sufficiently definite.

In my opinion the District Court erred in overruling the demurrer of the Defendants below, to the Plaintiff's declaration. The first and third causes of demurrer specially assigned were good. But the Defendants below, have elected not to stand upon their demurrer in the case, and have pleaded issuably, concluding to the country. They have thereby waived all exception to the decision of the District Court on their demurrer. The case stands here precisely as if no demurrer had been interposed. 1 *Denio's Rep.* 222. 6 *Hill's Rep.* 621.

The defect in the declaration was the absence of the word " wrongful," in the charge against the Defendants below, for taking the property, the action being Replevin. The Plaintiffs below should have alleged that the Defendant *wrongfully* took the property. The language of the Statute under which the action was brought, I think such as to require it, and was this a case of first impression, I should be inclined to the opinion that the defect or omission would sustain a motion in arrest of judgment after verdict, or a writ of Error after judgment. The Statute of Replevin of New York, was, in this respect, precisely like the Statute of Wisconsin, under which this action was brought. In the case of Reynolds *vs.* Lounsbury, (6 *Hill's Rep.* 534,) which arose under the New York Statute of Replevin, this very question was made and decided. Bronson J., in delivering the opinion of the Court, said, "The Plaintiff should have alleged that the Defendant *wrongfully* took the property; but the defect is cured by the verdict. We must now presume that the Court would not have allowed a recovery unless it appeared that the taking was wrongful." This authority is too direct and of too high a character to be disregarded, especially upon a doubtful question like this. I therefore adopt the opinion of the Supreme Court of New York upon this question, and hold that the said defect in the declaration in this case, is cured by the verdict.

Before considering the other questions in this case, it is best to define the issue between the parties and their respective rights under it.

The declaration is in Replevin in the *cepit*—alleging that the. Defendent below took the property and unjustly detained the same, &c. The plea is *non cepit*—that the Defendant below did not take and detain the property in manner and form, &c.

The Plaintiff in Error insists that this issue involves the question of title to the property—that the Plaintiffs below, could not, under this issue, recover the property without establishing, by proof upon the trial, their title to it, and that if the Defendant below had succeeded upon the trial of the issue, he would have been entitled to judgment *pro retorno habendo.*

The Plaintiff in error claims that, under the Statute of Wisconsin in force here when the action was brought, this is the effect and extent of the issue made by his plea, because the declaration alleges and the plea denies the unjust detention as well as the taking. He is manifestly wrong in this position.

The Statute of Wisconsin gives the action of Replevin in two distinct classes of cases and defines the effect of the plea of the general issue in each class.

1. It retains and simplifies the proceedings in the common law action of Replevin, which could be maintained only in cases in which the wrongful *taking* of the property was alleged.

2. As a substitute for the common law action of *detinue*, (which was abolished,) it gives the action of Replevin in cases in which the wrongful detention only, and not the wrongful taking is complained of.

In the former class of cases, the wrongful taking is the gist of the action, and the Statute is silent as to what the declaration shall contain ; thus leaving the declaration in such a case to be guided and governed by the rules of pleading applicable thereto in the common law action of Replevin. But the Statute declares that, " the plea of the general issue shall be as heretofore (referring directly to the form of the plea of the general issue in the action at common law,) that the Defendant did not take," &c., and that " such plea shall put in issue, not only the taking, * * * but such taking in the place stated where the place is material." The only change which the Statute makes in the effect of this plea is this—that it does not put in issue the place of the taking, unless the place be material.

At common law this plea put in issue the place of taking in all cases, and required the Plaintiff to prove the taking in the place stated, or fail in his action.

In the latter class of cases, the Statute directs what the declaration shall contain as well as what the plea of the general issue shall be. This plea, which is directly responsive to the allegation which the Statute requires the declaration to contain, is exactly the same that the plea of the general issue, —*non detinet*—was in the old action of detinue. The Statute declares that this plea "shall put in issue, not only the detention of the goods, &c., but also the property of the Plaintiff therein." Such was the effect of the same plea in the old action of detinue. It is only in this class of actions of Replevin, in which the wrongful detention is, as it was in the old action of detinue, the gist of the action, that the plea of *non detinet* is allowable, and it is this plea only which the Statute declares, shall put in issue the Plaintiff's title to the property in question.

In each of these two classes of cases in Replevin, the plea of the general issue as prescribed by the Statute, is based upon this well established rule of common law pleading,—that it is the proper office of the plea of the general issue to deny the gist of action in which it is pleaded, and make the issue thereon.

The taking of the property being complained of in this case, it falls within the class first above stated; consequently the declaration plea and issue must be controlled by the common law rules governing the action, except so far as the effect of the plea is relaxed by the provisions of the Statute—a modification relieving the Plaintiffs below from making, in this case, proof of a taking in the place stated in their declaration,—the place not being material in the case, if within the county. The declaration is in the form used at common law, (except the absence of the word "wrongful" the question upon which has been disposed of,) alleging that the Defendant took the property and detained the same against sureties and pledges until, &c. Though a detainer is, in such cases, always alleged to show that the necessity for the writ continued until its issuance, the taking is the gist of the action, upon which alone can an issue be formed by the single plea of the general

issue—*non cepit.* The detainer in such a case is not traversable under that plea. The Plaintiff need only prove the wrongful taking to entitle him to a verdict. He need not go farther and prove the detainer, for a wrongful taking is *ipso facto* a wrongful detainer. A plea of *non detinet* in such a case would be a nullity, and a like plea included in a plea of *non cepit,* as in this case, is mere surplusage.

It is an indisputable rule at common law, that the plea of *non cepit* in Replevin puts in issue only the taking of the property in the place stated, and does not involve the question of title, or entitle the Defendant to judgment for a return of the property, though he succeeded upon the trial. 2 *Greenleaf's Ev.* § 562.

. The sections of the Statute of Wisconsin defining the pleas and the effect of the pleas of the general issue in Replevin are literal transcripts from the New York Statute of Replevin.

. The Courts of New York, during the whole time while the Statute of Replevin of that State was in force, applied to the issue upon *non cepit* in Replevin, the common law rules in every respect, except to dispense with the proof of the taking in the place stated, in cases in which the place was not material. 3 *Wend. Rep.* 667. 4 *ib.* 216. 8 *ib.* 448. 15 *ib.* 324. 3 *Comstock's Rep.* 506.

I think the rule there adopted, right, and founded upon the correct construction of the Statute applied to the pre-existing rules of the common law with reference to which it was enacted.

It follows that the only question at issue to be determined by the trial of this cause in the District Court was this,—did the Defendant below wrongfully take the property described in the declaration?

That he took it, the Defendant below, himself, testified. He took it under a contract of purchase from Mr. Perkins, but he could not, under the issue, avail himself of Perkins' title or lien, or of his own title derived from Perkins, as a defence. Had he been able to testify or show that Perkins was, at the time of making the contract of sale, in the actual and lawful possession of the property, and that he took it by *actual delivery* from Perkins, it would have been a competent and good

·defence, even under this issue. It would have purged the taking of tortiousness,—not because it would have been accompanied with a title or transfer of title, but because it would have been without force and by the consent and *delivery* of a person or bailee having the lawful possession. Admitting that Perkins had the 'actual and lawful possession under a valid lien, the testimony of the Defendant below does not show that Perkins *delivered* the property to him,—so as to bring the case within the principle stated, and without a delivery—all the delivery of which the property was susceptible, the taking of the Defendant below was in the law wrongful. 1 *Wend. Rep.* 109; 19 *ib* 431; 3 *Com'k Rep.* 506. It does not appear that this question was raised upon the trial in the Court below.

The District Court did not err in denying the motion of the Defendant below for a continuance. The absent evidence, as set forth in the affidavits for the continuance, was not pertinent to or admissible under the issue joined in the case. It referred exclusively to the question of title to the property.

For the same reason the exceptions taken by the Defendant below to the decisions of the District Court admitting in evidence the deposition of G. W. Brownell, and the contract between the Plaintiffs below and McLaughlin, and rejecting the testimony of Mr. Ames, are not well founded. The admission or rejection of evidence to prove a fact admitted by the pleadings is not error. Such evidence is merely redundant, and whether it be competent or incompetent, sufficient or insufficient to prove the fact so admitted, it does not in the least change the case. To illustrate, suppose in an *action of debt* on bond, the Defendant pleads only *solvit ad diem* which admits the execution of the bond, would it be error for which the judgment against the Defendant would be reversed, for the Court to receive evidence offered by the Plaintiff to prove, simply, the execution of the bond? and would it make any difference whether such evidence was competent or incompetent for that single purpose? I think not, because it would neither strengthen, weaken or waive the Defendant's admission on the record by which he was stopped from denying the execution of the bond. So in this case the Defendant below, by his single plea of *non cepit,* admitted on the record the fact

that the property was the Plaintiff's and he was thereby estopped from denying it.   Though the Plaintiffs below offered, and the Court admitted the said contract and deposition in evidence to prove that fact, it neither strengthened, weakened or waived the admission thereof on the record ; consequently it could not, under the issue, injure the Defendant below or aggravate the injury which he had done himself by his plea.   The evidence was certainly unnecessary to the admitted title to the property.   Had such title been in issue, it would have been material to that question, and made it incumbent upon this Court to pronounce upon every exception to it.   But as the title to the property was not in controversy, and this evidence of title merely redundant and useless, it is not necessary to examine the specific objections made to either the said contract or depositions.

The District Court was clearly right in rejecting the evidence of Mr. Ames offered by the Defendant below to controvert the admission and overrule the estoppel made by his plea.

The identity of the property was a proper and necessary subject of proof upon the trial, and the deposition of Brownell had some reference to it.   This would have made it necessary for this Court to pass upon all the objections made to that deposition by the Defendant below, had he not by his own testimony on the trial, put the question of identity at rest. He testified how, why and where he took the property ; to what place he was going and how far he had got with it, when it was replevied and taken from him, and then said, with reference to the lumber, " it is the same lumber in controversy," and relative to the lath on the raft of lumber, he added that they were " the same lath in controversy in this suit."   After thus testifying, the Defendant could not consistently dispute the identity of the property.

A party waives and defeats the effect of his exception founded on the absence, or erroneous admission, of evidence of a fact against him, if he afterwards in his own behalf prove the same fact or produce and insist upon proper evidence of it. 16 *Wend. Rep.* 663 ; 2 *Hill's Rep.* 206, 620 ; 7 *Wend. Rep.* 377.   This exception is within that rule, which loses nothing of its force by its application to the testimony of the party

himself, voluntarily given in his own favor, under the Statute, declaring parties competent witnesses,—a Statute which, being only remedial, applied as well to cases pending at the time when it took effect as to cases commenced after that time.

The Defendant below took exceptions to four distinct points in the charge or instructions of the District Court to the jury in this case. These exceptions, like the questions upon the admission of evidence in the case, must be considered with reference to the only issue made by the pleading therein. To do this properly, it will be useful to advert to a rule which has long obtained and is well settled, and which is applicable to the questions which arose upon the admission of evidence in this case as well as to those made upon the exceptions to the charge of the Court below to the jury. The rule referred to is this : that even upon a bill of exceptions, an error in the Court below, which, on its face and by legal necessity, could do no injury, is not cause for a new trial. *The People vs. Wiley*, 3 *Hill's Rep.* 195 ; *Willoughby vs. Comstock*, *ib.* 392 ; *Hayden vs. Palmer*, 2 *Hill's Rep.* 206 ; 23 *Wend. Rep.* 79.

The first, third and fourth exceptions to the charge of the District Court have reference exclusively to the question of title to the property, and could not, by any legal possibility, have any application to the only issue upon which the jury were to pass,—that of the wrongful taking. Had the title to the property been in issue, these three exceptions would have been pertinent, though not well taken; for they were correct in principle and would have been proper upon an issue of title. As the case stands, these instructions and the exceptions to them are wholly outside of the issue, and consequently they show upon their face, that, even if they had been erroneous in principle, they could not, by any legal necessity, have done any injury to the Defendant below.

The second exception is within the issue, and is taken to an instruction given by the District Court to the jury in the following language : "That if the jury believe from the evidence that the lumber in controversy was forcibly taken from the possession of the Plaintiffs after delivery to them by those under whom the Defendant claims title, they must find for the Plaintiffs."

There is no error against the Defendant below in this instruction. It is more favorable to him than he had any legal right to ask. Had the jury found a verdict for the Defendant below the Plaintiffs might well have complained of this instruction, for it imposed improper restrictions upon their right to recover under the issue. They had a right to have the jury instructed to the effect that if they believed from the evidence that the Defendant below, wrongfully took the property in controversy previous to the commencement of the action, they ought to find a verdict for the Plaintiffs below. It was Error against the Plaintiffs below, for Court to so instruct the jury as to confine or limit their right to recover to a forcible taking of the property from their possession after a delivery to them by those under whom the Defendant below claimed title. The title to the property was, by the plea of the Defendant below, admitted to be in the Plaintiffs below, and title alone without any other possession than that which it constructively give, is sufficient to maintain the action in favor of the owner against one who wrongfully takes possession. This exception on the part of the Defendant below, is not well taken.

The District Court did not commit any Error against the Defendant below, in refusing some and qualifying others of the instructions asked by him to be given to the jury. They all related to the title to the property or to an outstanding right of possession under a lien, which is a special title,—matters which the defendant below had no legal right to set up, without pleading them or giving notice thereof with his plea of the general issue. The exceptions to these decisions of the District Court are all within the principle applied to the first, third and fourth exceptions taken to the charge of the District Court to the jury. The lien, if well founded, was a personal privilege of the holder, and when he sold the property to the Defendant below, without due process of law, pursuant to the Statute of Wisconsin, authorizing proceedings for the enforcement of such lien against the property, he forfeited his lien, and it was wholly gone. Neither he or the person to whom he sold the property, could after such sale, set up such lien against the owner of the general title, even if it had been properly pleaded. Though a lien may be assignable and may

be assigned as such without forfeiture, the assignment must be made in strict subordination to, and not in violation of the property of the principal owner. If the lien-holder sell the property, as in this case, and not merely the lien, the sale is tortious and works a forfeiture of the lien. All the benefit which the purchaser in such case can derive from such a purchase is a protection against an action of trespass or replevin, · in the *cepit* in favor of the principal owner, if the property be *actually delivered* to him by the lien holder. Unless the property be so actually delivered to him, the purchase affords him no protection whatever. *Nash vs. Mosher* 19, *Wend. Rep.* 431; *Ely vs. Ehle,* 3 *Com'k Rep.* 506.

Was there any error in the action of the District Court, subsequent to the submission of the case to the jury? And if so, was it of such a character, affecting the merits of the issue, as to be the subject of review on error?

The length of time during which a jury shall be kept together for consultation is a matter within the discretion of the Court. So, when a jury come into Court and report a disagreement, it rests in the discretion of the Court, whether they shall be discharged or sent out again for further consultation. The exercise of this discretion cannot be reviewed on error. *The People vs. Green,* 13 *Wend. Rep.* 55.

The first time the jury returned into Court after they had been charged and sent out, they reported that they were unable to agree and asked for further instructions relative to the testimony. The Court answered " that the matter requested by them was a matter of fact for them to ascertain, and exclusively belonged to them to find, and that he could not instruct them as requested." So far the Defendant below had no cause to complain, for the Court was within the strictest rules of propriety. But he added "that for the information of the jury the Court would read from the minutes of the trial the testimony given and submitted during the trial," and he commenced to do so. This would have been erroneous had either party objected to it; but so far from objecting, both parties consented, that the jury might, instead of waiting to hear them read, take the minutes and retire for further consultation. Neither party can now complain of that.

The Court at that time, through inadvertence, omitted to read or give to the jury, that part of the deposition of Brownell which had been read to them as evidence upon the trial. Some four hours afterwards the Court recalled the jury and stated to them his omission and then read to them that portion of the said deposition which had been admitted in evidence upon the trial. The Defendant below made no separate and distinct objection to this act of the Court, but includes it in one general objection to all the proceedings subsequent to the charge to the jury and previous to the rendition of the verdict. Though the exception is thus general and, in strict practice, of doubtful validity, I prefer, in considering it, to regard it as sufficient. The Court proposed to read to the jury " the testimony given and submitted during the trial." This deposition was part of that testimony and if he submitted any he should have submitted the whole. The testimony means the whole testimony. I think the fair construction of the consent given by the parties that the jury might take the minutes of the testimony, included such parts of this deposition as had been used upon the trial. It must be so considered in the absence of any separate and specific objection at the time when it was read. Under the circumstances, as they appear upon the record, there was no impropriety in so reading that deposition to the jury. *Vide Henlow vs. Leonard,* 7 *John. R.* 250.

But if there had been, no injury could have resulted from it to the Defendant, because the testimony was, as is hereinbefore determined, immaterial to the issue then in the hands of the jury.

The questions upon the verdict remain to be considered, and like the other questions in the case, they must be considered with reference to the only issue made by the pleadings.

So much of the verdict as finds the title and right of possession of the property in controversy to be in the Plaintiffs below, is outside of the issue—determines a fact not disputed, but directly admitted by the pleadings, and must therefore be rejected as surplusage. *Patterson vs. U. S.,* 2 *Wheat. R.* 221. *Bacon vs. Callendar,* 6 *Mass. R.* 303. *Leineweaver vs. Stoever,* 17. *Sergeant & Rawles, R.* 297. *Wells vs. Garland,* 2 *Virg. Cas.* 471. *Pejepscot Proprietors vs. Nicholas* 1, *Fairf. R.*

256. It cannot vitiate the remaining part of the verdict, which must stand or fall by the legal effect of the terms in which it was given. Rejecting the surplusage, the verdict would stand in the following language : "The jury find and return a verdict for said Plaintiffs, and against said Defendants, and costs of suit."

It is objected that "this verdict does not find that the property was taken or detained by the Defendants as is alleged in the declaration and denied by the plea."

I think it does so find, and as plainly as if the jury had formally said " that the Defendant did take and detain the property described in the declaration in manner and form,"&c. That such was the intention of the jury is clearly manifest ; and when the intention of the jury is unequivocally, though it may be informally expressed, and is responsive to the Court, it is the obvious duty of the Court to give effect to it by rendering judgment thereon. Though a verdict cannot be changed in point of substance, it may be so amended in point of form or language as to give the real intention full expression in proper legal terms. It is usual for the Clerk, under the direction of the Court, to enter it in proper form at the time of its rendition, however informally it may be pronounced by the jury ; and if the Clerk commit an error in making the entry, it may be afterwards amended by the Court, according to the truth. *Graham's Practice*, 662, 2*d Ed.* It is the constant and almost invariable practice for juries upon the trials of issues in personal actions, to render their verdicts, when in favor of the Plaintiff, in this language : "We find for the Plaintiff        Dollars," inserting the amount of damages,—and when in favor of the Defendant, in this language : " We find for the Defendant "; or this : " We find no cause of action." I am not aware of any case in which such a verdict has been held bad for uncertainty or insufficiency. On the contrary, such verdicts have always within the limits of my reading and practice, been received by the Courts and put in form proper for judgment; and under the *nisi prius* system which formerly prevailed in New York, upon such verdicts the *postea* was always made up in full form according to the effect of the intent of the verdict upon the issue. It was that the jury " upon their oaths do say that the said Defendant did (or

Daniel Coit v. Robert C. Waples and Ephraim P. Zirkle.

"did not" according to the real finding) undertake and promise (or "is guilty," or "not guilty," according to the issue) in manner and form as the said ·Plaintiff has above thereof complained against him, and (if the verdict was for the Plaintiff) they assess the damages," &c.

The verdict in this case is quite as clear, definite, direct and responsive to the issue as those mentioned above. It is *in terms* not only "for the Plaintiff," but "against the Defendant." It must be held good unless it be bad for other reasons.

It was urged upon the argument, though not made a point in the brief, that the whole verdict was erroneous because the jury thereby awarded costs to the Plaintiffs below. The jury did not specify any amount of costs.

Admitting that it was beyond the province and power of the jury to determine which party was entitled to costs, the verdict would be void to that extent only. It would not vitiate their finding upon the issue. The part relating to costs would be rejected as surplusage. 2 *Wheat. R.* 221. 6 *Mass. R.* 303. But is it true that the jury have no power to find costs? A verdict for the Plaintiff in strict form at common law always contains a nominal sum for costs, and that forms the foundation for the Court to adjudge costs *of increase* (the taxable costs) to the party. Whether or not it be proper under either the old system of practice in Wisconsin, or our present system, for the jury to find costs, it is not necessary now to decide, for that part of the verdict in this case, not finding even a nominal sum for costs, (and it could not properly do more,) is void for uncertainty, and must in any event be rejected as surplusage. Judgment for costs must in this case be given or withheld by virtue of the statute of costs alone.

The jury did not in this case assess to the Plaintiffs any damages, nor did they assess the value of the property in controversy, as the statute of Wisconsin required. The Plaintiff in error now insists that these omissions are fatal to the verdict, and that no judgment could be legally rendered upon it.

The Statute of Wisconsin under which this action was commenced, provided that "if upon the trial of the cause [upon issue of fact] the verdict be in favor of the Plaintiff, the same jury shall assess the damages which he has sustained," &c.,

and that "it shall also be the duty of the jury upon such trial of the cause **** to assess the value of the goods and chattels specified in the declaration."

The question arising upon the want of an assessment of damages, is settled by both general principles and adjudicated cases. Whenever a Plaintiff recovers upon the whole record, whether the issue or issues be of law or of fact, or both, he is, of course, and as a matter of legal right, entitled to judgment for nominal damages; and if such recovery be by the verdict of a jury upon an issue of fact, and the jury fail to assess any damages by the verdict, the Court in which the verdict was rendered, or the appellate Court to which the case may be taken, may amend the verdict by adding nominal damages. In such case the judgment will not be arrested or reversed for that cause alone, but the Court will amend the verdict by adding thereto, what the law implies in every case of legal recovery, nominal damages at least, or consider it done by the statute of jeofails and amendments. 7 *Cow. R.* 29, 425. 3 *Wend. R.* 667. 12 *Wend. R.* 161. 8 *Cow. R.* 652, &c.

The counsel for the respective parties differ in relation to the statute to which this Court ought to look in solving the question growing out of the absence of any assessment of value of the property by the verdict—the suit having been commenced under the old statute of Wisconsin, and the trial had and verdict rendered since the Revised Statutes of Minnesota took effect. The Plaintiff in error insists that it must be controlled by the old statutes of Wisconsin, while the Defendants in error contend that the Revised Statutes of Minnesota must govern. As it is somewhat doubtful which of these two Statutes ought to be applied, and as the Plaintiff in error contends that the verdict is, for this reason, fatally defective under either, I prefer to consider it with reference to the old Statutes of Wisconsin. I do this more readily because, to my mind, it is very clear that this case is not one in which the jury would have been required by Sec. 38 of Chap. 71 (page 356) of the Rev. Stat. of Minnesota, to assess the value of the property, because,

*First,* The property had been delivered to the Plaintiffs below under the writ of Replevin,

And, *Second,* The Defendant below had not by his plea

claimed a return thereof, or formed an issue entitling him to judgment for a return thereof upon a verdict in his favor.

Under that Statute it is only in cases in which the verdict may require a change, the possession of the property or payment therefor, that the value of the property is required to be assessed, and the obvious purpose of that assessment is to enable the Court to render judgment for the possession or return of the property, or for the assessed value thereof, in case a return or delivery cannot be had; as is provided by Sec. 70 of the same Chap. (p. 360.)

The Statute of Wisconsin is in direct terms, that the jury shall assess the value of the property, and it makes no distinction in this respect, between different cases, having different issues requiring different judgments. Is this Statute to be so construed as to be deemed mandatory and arbitrarily imperative in all cases, whether such assessment be necessary to the judgment upon the issue, or not? Or is it to be construed as directory only and not to be necessarily followed in cases in which such assessment is not required for the purposes of the judgment authorized by the Statute to be rendered upon the issue? I think the latter construction the reasonable and true one. The former would, in many cases, make such assessment a mere troublesome and sometimes expensive performance of legal nonsense.

In cases in which the Plaintiff failed to obtain the property on his writ of Replevin, and recovered upon the whole record, the Statute authorized a judgment in his favor, that the property be replevied and delivered to him, or in failure thereof, that he recover from the Defendant the assessed value of it. The necessity of an assessment of the value in such cases is obvious. In cases in which the Defendant, after having pleaded a plea entitling him to a return of the property replevied from him, succeeded upon the trial, he could by the Statute have judgment for a return or for the assessed value of the property, at his election. The necessity for an assessment in such cases is also obvious. So it is in cases in which the Defendant had so pleaded and the verdict was for the Plaintiff for part of the property and in favor of the Defendant for the residue. And so in cases where the Plaintiff or Defendant claimed under a

lien for a sum less than the value of the property. It was, doubtless, with reference to and for the purposes of the judgments authorized by the Statute to be rendered in these and the like cases and with reference to costs that the Statute required such assessment of the value of the property to be included in the verdict. But in a case like the one at bar, in which the property was delivered to the Plaintiff on his writ of replevin, and in which the Defendant could not under his plea, possibly have judgment for a return on a verdict in his favor, such assessment could not, it seems to me, in view of the Statute, and its object and design, be deemed to be an indispensable attribute of the verdict, which could determine nothing between the parties but the single act of taking, or an absolute pre-requisite to judgment thereon.

The decision in the case of *Hawley vs. Green & Brooks,* 18 *Wend. Rep.* 654, confirms me in this view. That case arose under a section of the Revised Statutes of New York in the same language used in the section of the Statute of Wisconsin under consideration, and the verdict in that case did not contain any assessment of the value of the property. The Plaintiff perfected and collected his judgment for costs of increase. The Defendant afterwards moved to set aside the judgment as to such costs, and that the Plaintiff refused. The motion was granted on the ground that the better construction of the Statute was, that such assessment of value was necessary to judgment for costs. The Defendant did not in that case attempt to disturb the judgment for nominal damages and nominal costs founded upon the verdict. That part of that judgment was thus admitted to be regular and valid, and to that extent that case is an authority in this.

The code of procedure in New York, from which our Statute upon this subject is copied, dispenses with such assessment of value in cases in which it is not necessary to the judgment to be rendered. While this change preserves all the rights and protects all the interests of parties dependent upon such assessment, it manifests quite clearly the design and purposes thereof under the old Statute, and that it was never necessary to make such assessment, or reasonable to require it to be made, in cases in which it could not effect the proper judgment upon the issue.

Daniel Coit *v.* Robert C. Waples and Ephraim P. Zirkle.

The judgment for costs in this case must rest upon the Statutes of this Territory, in force at the time of the rendition of the verdict. Section 62, page 15, of the Amendments to the Revised Statutes reaches this subject, if it does not also embrace the question arising upon the want of an assessment of the value of the property by the verdict. Section 2 of Chap. 72 of the Revised Statutes (p. 370) prescribes the cases in which costs are allowed, *of course,* to the Plaintiff upon a judgment in his favor, and sub. div. 2 of that section specifies as such a case " an action to recover the possession of personal property." Sub. div. 4 of the same section declares that in such an action the Plaintiff shall recover no more costs and charges than damages, unless he recover at least fifty dollars damages, or property, the assessed value of which, with the damages, amounts to fifty dollars.

In this case, the Plaintiffs below, by the legal effect of the verdict, recovered only nominal damages. The value of the property was not assessed. Hence that value cannot be applied to this Statute to establish the right of the Plaintiffs below to costs. Consequently, they cannot have judgment for any more costs than damages, and those are nominal —six cents. The Plaintiffs below may, if they choose, waive this error against them and abide by the legal effect of the verdict. The Defendant below cannot object that the verdict and Statute do not authorize a judgment for full costs against him. He is not legally injured but actually benefitted by it.

The decision of the District Court on the motion for a new trial cannot be reviewed in error. It is not a proper subject of exception for the purposes of a writ of error.

The result of the determination of the numerous questions in this case, is this : The verdict and judgment must be, or be deemed to be, so amended as to include an assessment of and judgment for the damages sustained by the Plaintiffs below by reason of the taking and detention of the property described in the declaration, at six cents. The judgment in favor of the Plaintiffs below for costs (which the record shows are yet unliquidated) must be limited to the same sum. And the judgment thus amended must be affirmed.

I do not think that either party ought to recover costs against

the other, in this Court. The Plaintiff in error is not entitled to the judgment he seeks here, because there was no substantial error affecting the merits under the issue in the Court below. Therefore he is not entitled to costs here. The Defendants in error have a judgment valid in substance, but defective in form—requiring it to be, or be deemed to be, so amended in this Court as to cure such defects. They stand, in some degree, upon the favor of this Court, and hence, in my judgment, they are not here entitled to costs.