ALBANY,
Feb. 1827.
———
Beekman
v.
Bemus.

———

## BEEKMAN *against* BEMUS.

[*30]

REPLEVIN; tried at the Saragota circuit, December 1st, 1825, before Williams, C. Judge. The facts are sufficiently stated in the opinion of the court. They were presented on a case made with a view to a motion for a new trial, and in an affidavit of the defendant.

*S. G. Huntington,* for the defendant, moved for a new trial.

After the plaintiff rested his cause, at the circuit, on the trial of a question of fact, the defendant's counsel called a witness on his part, who was sworn; but the judge intimated an opinion in favor of the defendant, on the question; and the counsel forebore to examine the witness, or introduce any further testimony; and this, though the defendant urged him to go on with his proof. The jury found for the plaintiff. *Held,* that this was no ground for a new trial.

Where, in replevin, the jury found for the plaintiff, but omitted to find *costs* or *damages,* the circuit judge, after they separated, allowed " 6 cents costs" to be added by the clerk; and referred it to the supreme court, whether it might be amended as to the damages. That court allowed " 6 cents damages" to be added to the verdict; and held that the amendment was rightly allowed by the circuit judge.

That the plaintiff must show property in himself on the plea of *non cepit*, he cited 1 Sch. & Lef. 324; 20 John. 469, 70; 7 id. 143, 4; 14 id. 407; 1 Ch. Pl. 159, 167; 7 T. R. 9; 2 Selw. N. P. 1021; Woodf. L. & T. 573; Bac. Abr. Replevin and Avowry, (G.)

That a tenant in common cannot maintain the action against his co-tenant, he cited 2 John. 468; 2 Mass. Rep. 509; 9 id. 427.

That the defendant had not had a full and fair trial, owing to its interruption by the intimation from the judge, he cited 4 Mass. Rep. 79.

That the verdict could not be amended by adding damages, he cited Bac. Abr. Damages, (F)

*J. L. Viele,* contra, said the verdict was in substance for the plaintiff, and was sustained by the evidence. The omission of the jury to find damages, will be supplied by an amendment, as they are merely nominal in replevin; or where the plaintiff consents that they should be nominal. He cited 3 John. 175, 178; Dunl. Pr. 40; 1 John. 471; 6 T. R. 766; 15 John. 479; 1 Esp. Dig. pt. 2, 225, 6. Gould's ed.; 14 John. 86.

*Curia, per* WOODWORTH, J. This is an application for a new trial, in an action of replevin. Four issues were joined on as many pleas: 1. *Non cepit*; 2. Property in defendant; 3. Property in W. McIntosh; 4. Property in the defendant and plaintiff.

The taking was sufficiently made out. The defendant declared the day previous to the taking, that he would come the next day, and take the rye. On the day specified, he accompanied McIntosh, who was the active agent in carrying it off. The defendant requested Andrews, who was in possession of the farm, to see the rye divided, which he refused. McIntosh then began the removal. The defendant was present, but gave no directions. It is evident they acted in concert.

*From the evidence, I think the jury were authorized to find property in the plaintiff. Andrews was in possession

[*31]

of a farm. He entered in April, 1824, under McIntosh, who was the preceding occupant. What right McIntosh had, does not appear. I infer from the case, that he was a person employed to work the farm for the plaintiff. The facts stated by Andrews go strongly to show, that McIntosh had no other right than mere occupancy at the time Andrews came into possession; and although he states that he agreed to pay McIntosh one half the grain he raised, as rent; he also adds, that he considered himself as holding of the latter, until he could make an arrangement with the plaintiff; and that he afterwards did make the arrangement, and received money of the plaintiff to pay the taxes. It also appears that the plaintiff came to the field where the hands were engaged in the harvest of the rye; when McIntosh applied to him for money to pay the laborers, and received five dollars, to be distributed among them. These facts are certainly sufficient, *prima facie*, to show property in the plaintiff. That McIntosh may have sown the rye, and assisted in gathering it, and put it in the barn, whence it was taken, is perfectly consistent with the plaintiff's claim, provided McIntosh was a mere steward or hired man, to cultivate and improve the farm for the plaintiff. He has not shown any right or title in himself; and cannot be considered anything more than an agent. The plaintiff, therefore, was entitled to a verdict on all the issues, as the jury have found.

After the plaintiff rested his cause, the defendant called a witness, who was sworn; but before he gave any evidence, the judge intimated to the counsel for the defendant, that it was hardly necessary in the then state of the cause, for the defendant to give any evidence; and no evidence was offered on the part of the defendant. The charge was, that the evidence seemed strongly to support the third plea, that the property belonged to McIntosh. The jury thought otherwise. In my view, the evidence supports their verdict.

[*32]          *The judge did not exclude any testimony. He gave the counsel to understand that his impressions were favorable to the defendant; not that the cause was directly in their

favor. They offered no farther evidence, reposing on that already given; and, undoubtedly, satisfied that, with the intimation from the court, they might safely submit their cause. They did submit the cause, under these circumstances; and thereby assented to incur the risk, if any, of not adducing farther evidence.

An affidavit accompanies the case, in which the defendant swears that he urged his counsel to examine other witnesses: but they refused. This shows conclusively, that there was no surprise; and that the course taken, was upon due deliberation.[1] The parties must, therefore, abide the legal consequences arising on the case before us.

I think there is no sufficient ground to disturb the verdict. It was informally entered, there being no finding as to damages and cost. The judge permitted it to be amended, by adding, "six cents costs;" and as to the damages, he submitted the question to this court, whether to allow the amendment or not.

The plaintiff was entitled to recover damages for the taking only. (1 Arch. 194. Tidd's Forms, 523.) No special damages were claimed at the trial or proved; and, consequently, the verdict ought to have been for nominal damages. As this is matter of form, and follows the finding of course, the verdict may be amended by adding "six cents damages."

New trial denied.

[1] A motion for a new trial on the ground of surprise will not be sustained, where, by the exercise of proper diligence, such surprise might have been guarded against. *Shefiall* v. *Clay*, R. M. Charlt. Rep. 7. If the party or his counsel failed in diligence in preparing for the trial, or if there was a difference of opinion between them as to the best mode of defence, and there was no surprise, a new trial will not be granted. *Com.* v. *Benesh*, Thach. Cr. Cas. 684. A mere theoretical error of the court, which could not have affected the verdict of the jury, is not good ground of reversal. *Mitchell* v. *Churchman*, 4 Hump. Rep. 218.