### NATHAN BABCOCK and others *v.* RANSOM BEMAN. (*a*)

Where a note, made payable to an individual, with the word "treasurer" affixed to his name, (he being the treasurer of a corporation,) was received by him for such corporation, and endorsed by him to the plaintiffs, with the same addition, not intentionally in his individual capacity, but as the treasurer of the corporation, being authorized by the corporation to endorse the same, as treasurer, to the plaintiffs; and the plaintiffs received the same, with knowledge of the facts, as an obligation of the corporation, and on account of a debt due to them from the corporation; it was *held*, that the endorser was not individually liable to pay the note.

APPEAL from a judgment for the defendant, upon a demurrer to the answer.   The following is the decision of WOODRUFF, J., at special term:

"The answer avers, that the note in question was payable in terms to the defendant by the description, "R. Beman, Treasurer," and was endorsed by him, "R. Beman, Treas.;" that he was, in fact, treasurer of the Union Manufacturing

Company; and that it was received and endorsed by him as such treasurer; and that he was authorized by said company to endorse the note to the plaintiffs as such treasurer; all of which the plaintiffs knew. And that it was so endorsed as such treasurer, and not in his individual capacity, and was received by the plaintiffs as an obligation of the company, and for and on account of a pre-existing debt due to the plaintiffs by such company.

"These averments appear to me to bring the case within the decisions of the late supreme court, in *Mott* v. *Hicks*, 1 Cow. 514; and *Brockway* v. *Allen*, 17 Wend. 41; and within the principle of those cases to establish a defence. The case of *Hicks* v. *Hinde, et al*. 6 How. P. R. 1, is to the same effect.

"The demurrer must be overruled, with costs, with leave to the plaintiffs to withdraw the demurrer within twenty days, on payment of the costs thereof. Whether it is necessary or proper for the plaintiffs to reply to that portion of the answer which is demurred to, it is not now necessary to decide."

*Augustus F. Smith*, for the plaintiffs.

I. It is fully established, that an agent contracting in his own name binds himself. (Story's Agency, § 266.) He in like manner binds himself when he is known to be an agent, but the name of the principal is not disclosed. (Story's Agency, § 267.) It is also perfectly well established, that a written contract cannot be varied by parol.

II. We sue upon a promissory note, a contract in writing by which the defendant in terms promises to pay the sum of five hundred dollars, provided the makers do not pay, and the note is properly demanded, and notice given. The defendant seeks by parol evidence to show that he was an agent, and did not intend to bind himself. 1. If in fact he did bind himself, it is no matter what his intention was; and that he did bind himself, the note shows.

III. To exonerate himself when the contract is by parol, the

agent must show his agency, and that he disclosed his principal.

IV. The same rule applies when the contract is in writing, with, however, this additional requirement, that the contract is the only evidence to which either party can resort to ascertain what parties are liable, and the extent of that liability.

V. In other words, to exonerate the agent, the written contract must disclose the principal, and must be, on its face, the contract of the principal. (2 Smith's Leading Cases, 224 ; *Sowerby* v. *Butcher*, 4 Tyrwhitt's Rep. 320 ; S. C. 1 Cromp. and Mee. 371 ; *Leadbetter* v. *Farrow*, 5 M. & S. 345 ; *Nills* v. *Hunt*, 20 W. 431.)

VI. The note in suit does not disclose the principal ; the word "treasurer" is a mere *descriptio personæ*. It means no more on the note than the word "merchant," "mechanic."

VII. It has been said, in case of a written contract, that parol evidence might be introduced to charge the *principal*, on the ground that such evidence did not vary the written contract ; but at the same time it was held that such evidence could not be admitted to discharge the *agent*, for the evidence was directly repugnant to the written instrument. (*Jones* v. *Littledale*, 6 Adolph. & E. 486 ; 2 Smith's Leading Cases, 224 ; Story's Agency, § 160, *a*. 154, 270 ; *Higgins* v. *Senior*, 8 Mees. & Welsb. 440.)

VIII. The defendant is liable on his endorsement; no action could be maintained on the endorsement, except against him. (*Pentz* v. *Stanton*, 10 Wend. 271; *Hills* v. *Bannister*, 8 Cow. R. 31 ; *Thomas* v. *Bishop*, 2 Str. 955 ; *Stackpole* v. *Arnold*, 11 Mass. 27 ; *Long* v. *Colburn*, 11 Mass. 97; *Taber* v. *Cannon*, 8 Metcalf, 456 ; Dunlap's Paley's Agency, 183.)

IX. An antecedent debt of a third party is a good consideration for a promissory note. (*Bank of Rutland* v. *Buck*, 5 W. 66; Story on Bills, §§ 191, 192 ; *Mason* v. *Robertson*, cited in Chitty on Bills, 651, note, 10th Am. ed. from 9th London.)

*Thomas Darlington*, for the defendant.

An agent, endorsing a promissory note in his own name, with the addition of the words " agent," " cashier," &c., acting within the limits and in the exercise of the powers delegated, incurs no personal liability on such endorsement, if the plaintiff, being the person with whom the contract is made, knows him to be an agent, knows his principal, and knows that he intends to bind such principal. The endorsement shows a restricted liability, and parol evidence is admissible to explain the latent ambiguity. (*Non constat*, but it was a written agreement, a cotemporaneous written receipt, given by plaintiffs, that the note was received as an obligation of the company.)

The allegations of the answer show a mutual agreement to receive the endorsement as an obligation of the company, which allegations are confessed by the demurrer, and this court may reform the agreement in accordance therewith, and correct the mistake.

By THE COURT. INGRAHAM, FIRST J.—The plaintiffs sue the defendant as endorser upon a promissory note drawn by Adam Smith & Co., and payable " to the order of R. Beman, Treas.," for five hundred dollars. The note is endorsed by the defendant, " R. Beman, Treasurer."

In the complaint the note is described as a promissory note, payable to the defendant, and endorsed by him. The defendant in his answer sets out the note with the special endorsement. The defendant further answers that he was, at the time of making such endorsement, treasurer of Union Manufacturing Company; that he was authorized by them to receive the note and endorse it to the plaintiff, as such treasurer, and that the plaintiff had a notice of all the said facts.

That the Union Manufacturing Company was, at the time, indebted to the plaintiff in a large amount for goods; that the note was received and endorsed by him as treasurer aforesaid, and not in his individual capacity, and was received by the plaintiff as an obligation of the said company, on account

Babcock v. Beman.

of a precedent debt due to them for the said company, and that the defendant received no consideration therefor.

The plaintiffs demur to these portions of the answer. By the demurrer these facts are admitted; and we have then to decide whether a treasurer of a company, to whom a note is made payable as treasurer, and who endorses such note with the addition to his name of the word treasurer, and delivers the note to a creditor of the company, in payment of a debt due to him from the company indicated, having full knowledge of all the facts, can be held liable in his individual capacity as endorser of such note.

There appears to be a distinction between the maker and endorser of a note, who signs as an agent. In the former case he is held liable, although he discloses even the name of the principal for whom he acts, (3 Wend. 98, 7 Cow. 31,) because, although he signs as agent, the note purports to be his individual note. (4 Comstock, 208.)

Where, however, the note is made payable to an individual, as an officer of the corporation, a different rule has been applied. Such a note, without any endorsement from the payee, has been held to be the property of the corporation of which he was the officer, (1 Denio, 608, 3 Barb. S. C. R. 523,) and actions were maintained in the name of the corporation. If this rule is correct, then it follows that a transfer of such property in the note, by the agent of the corporation to whom it is made payable, in his name as such agent, where the principal is known to the endorser, can only operate as a transfer of such interest. The ingredient which makes the agent liable who signs a note purporting to be made by himself as agent, namely, *personally contracting*, is wanting in such endorsement. The note in this case was known to the plaintiff to be the property of the corporation of which the defendant was treasurer; the object of the transfer, namely, to assign the note to the plaintiff as an obligation of the corporation for a debt due by them to the plaintiffs, was known to them, and the authority of the defendant to make such transfer is admitted by the demurrer. Under such admission,

I am at a loss to see upon what ground the plaintiffs can insist that the contract of the defendant was a personal one. The blank endorsement upon the note must be filled up, according to the facts admitted to be known and agreed upon between the parties, namely, that the owners of the note transfer it to the plaintiffs by their agent in the same manner as that in which they received it.

This was the view taken by the supreme court, in the case of *Mott* v. *Hicks*, (1 Cow. 533,) of the liability of Housefield, who signed his name as endorser with the word agent. The plaintiff knew of the agency, and that the note was given for a debt of the company, as in the present case, and the endorsement only intended to pass the interest thereon to another. (See, also, *Brockway* v. *Allen*, 17 Wend. 41; and *Hicks* v. *Hinde*, 6 How. Pr. R. 1.)

Taking all the allegations in the answer, as admitted by the demurrer, I am of the opinion that the defendant is not personally responsible on his endorsement, and that the judgment at special term should be affirmed.

　　　　　　　　　　　　　　　　Judgment affirmed.