ARTHUR B. HAUPTMAN *v.* JOHN M. CATLIN and CATHARINE A. CATLIN.

Where the notice, filed under the sixth section of the mechanics' lien law of 1851, claimed for work done, pursuant to a contract with the husband, upon a building owned by his wife; *held*, that the report of a referee, finding that the claimant was entitled to a judgment against the husband and wife jointly, and that he should be adjudged to have a lien, &c., was erroneous.

Whether a married woman can make a contract for the erection of a building, or can, by any contract, subject such building to a lien, except by mortgage, or other pledge, in writing duly acknowledged? *Dub.*

A person performing work is entitled to recover, not what he pays his workmen

therefor, with a per centage, but *quantum meruit*, and as to the materials furnished, *quantum valebant.*

Hence, where the plaintiff, after giving testimony of the correctness of his accounts, proved entries in his books of charges for labor, and materials done and furnished for the defendant; *held*, that the defendant was not concluded thereby, but was entitled to show, by experts who had examined such work and materials, the true amount and value thereof.

To render the books of a party admissible in evidence, the proof that he keeps correct accounts, should be, not by persons in his employ, but by witnesses who have dealt with him, and settled bills by the books.

An order made in proceedings supplementary to execution, directing a third person, in general terms, to pay to the judgment creditor, towards the satisfaction of the judgment, whatever money is or may become due to the judgment debtor from such third person; and also requiring him, specifically, to give a note for a sum certain, which appeared to the judge making the order to be actually due, is no bar to an action by the judgment debtor against such third person, to recover so much of the latter's indebtedness to the former, as was not included in the said note, or paid under the said order. *Per* DALY, J.

Where the plaintiff offers in evidence, before a referee, an admission of the defendant, contained in a deposition made by him, in an examination under proceedings supplementary to an execution; it is not erroneous to exclude the deposition as a whole, and admit only such parts of it as relate to the admission, or tend to repel the presumption created thereby. If the defendant deem other portions material, he should offer them, and take a specific ruling thereon. *Per* DALY, J.

Although the mere expression of an opinion by a referee, at the trial, that no further proof is necessary, is not of itself a sufficient ground for setting aside his report; yet, it may guide the discretion of the court in granting or refusing a new trial, when such report is, in their judgment, against the weight of evidence.

Whether the effect of such an expression of opinion is not different, when made by a sole referee, than when made by a judge, where a cause is tried before him with a jury, and whether the decision in 7 Cow. 29, applies to the former case? *Quere.* *Per* WOODRUFF, J.

GENERAL TERM, MAY, 1854.

THIS action was brought by a house painter, under the act for the better security of mechanics and others, passed in 1851. The notice filed under the sixth section, was as follows:

"To the clerk of the city and county of New York. "Sir: "Please to take notice, that I, Arthur B. Hauptman, have a claim against John M. Catlin, and Catharine Ann, his wife, amounting to the sum of nine hundred and twenty three dollars, and that this claim is made for and on account of work, labor, and materials, done and furnished towards the erection,

Hauptman v. Catlin.

completion, and finishing of a certain four story and basement brown stone front house; and that such work, labor, and materials were done and furnished in pursuance of a contract or agreement with the said John M. Catlin, which building is owned by Catharine Ann Catlin, and situated in the 18th ward of the city of New York," &c., &c. "And that I have and claim a lien on said building and the appurtenances, and upon the lots of land upon which the said building stands, pursuant to the provisions of an act," &c. "Dated, New York, this first day of May, 1852." "Arthur P. Hauptman."

The notice, prescribed by the fourth section, to foreclose the lien, was directed to and served upon both of the defendants. Pursuant to this notice, all the parties appeared at a special term by attorney, and the usual order, joining issue and directing the service of pleadings, was entered by consent.

The complaint set forth the proceedings to effect and foreclose the lien, and averred that the defendant, Catharine A. Catlin, was the wife of the defendant, John M. Catlin; that she was the owner of the lots of land in question, describing them; that the building thereon " was erected by her, or for her use and benefit, with her permission, at her request, and with her consent and approbation, and that she now owns the said lots of land in fee, and the said building thereon, as her separate estate and property; and that the said John M. Catlin, with her knowledge and consent, acted as her agent, and that he was duly authorized by her to contract and agree for the erection, building, and finishing of the said building."

The complaint further alleged, that the plaintiff performed labor by himself and his servants, and furnished materials in and about the building, &c., and in painting, glazing, varnishing, and graining thereof, to the value of $923, (upon which a credit is allowed of $125,) " by virtue of a contract or agreement made between the plaintiff and the said John M. Catlin, as such agent, and acting for the defendant, Catharine A. Catlin."

The bill of particulars served by the claimant under the fifth section of the law, was charged to the defendants jointly.

The defendants put in a joint answer, admitting all the plaintiff's allegations touching the creation of the lien and his proceedings thereon, but denying any knowledge or information as to their regularity. They denied that there was any contract between them and the plaintiff, except such as might be implied by law. The amount and value of the labor and materials alleged by the plaintiff to have been done and furnished, were put in issue, and the defendants claimed to set off payments to a sum exceeding their true indebtedness to the plaintiff.

The defendants pleaded and put in evidence, in bar to the plaintiff's right of action, certain proceedings supplementary to execution, upon a judgment in favor of one John A. Kennedy and James A. Hill, against the present plaintiff, Hauptman. In those proceedings, the present defendant, John M. Catlin, was examined, as a creditor of the judgment debtor. The amount of his indebtedness to Hauptman, and the terms of payment, appear to have been a matter of uncertainty and dispute. The judge, before whom the supplemental proceedings were had, however, finally, on the 15th day of February, 1852, "ordered, that the said John M. Catlin, pay over to the sheriff of the city of New York, or to the plaintiff's attorneys, whatever sum or sums of money or property was due the defendant, Arthur B. Hauptman, on the 31st of January, 1852, and since, and money or property hereafter to become due and owing, either from the said John M. Catlin or wife, or both, and all and every indebtedness of them, or either of them, to the said defendant, or his assigns, or any person claiming under or through him ; and, also, that the said John M. Catlin may deliver to the plaintiffs herein, his note at ninety days, for the sum of $380, the present ascertained amount of indebtedness ; which note or indebtedness, or any part thereof, when paid, to be applied towards the satisfaction of the judgment and execution herein, provided the said judgment be not sooner satisfied or paid ; and if so collected or satisfied, then the said note to be given up and canceled ; the giving of said note, and payment of said indebtedness, or any

Hauptman v. Catlin.

part thereof, not to prejudice or interfere with the collection of the said judgment," &c.

The note mentioned in the order was given and duly paid. Kennedy and Hill realized, in addition, $750 by a sale of property, under execution; and their judgment was reduced to $55 24. They appear to have obtained nothing under the order, except the amount of the note, and to have taken no measures for the further enforcement of its provisions.

The defendants in this suit, Catlin and wife, urged that the plaintiff's claim, if any, belonged to Kennedy and Hill, the order being still in force.

The cause was referred for trial.

The plaintiff's claim was based on the number of days consumed in the work, and the amount of materials used. After proving the performance of a part of the labor, &c., and that he employed no book keeper, his books of account were put in evidence, in which the time of his workmen and the amount of materials were entered. Many of these entries were first made by the workmen on a slate, and each day transferred to the books by the plaintiff. Evidence that he kept correct accounts, was given by his journeymen, and also, it appears, by some painters, who had occasionally purchased materials from him, and settled the charges therefor by the books. The defendants, to rebut the plaintiff's proofs, produced persons who were familiar with the business of house painting, and who had inspected the plaintiff's work on this building. After hearing the testimony of some of these witnesses, as to the value of the labor and materials claimed for, the referee "suggested that it was unnecessary and useless" to accumulate further evidence upon that point, and the examination was discontinued.

No objection was taken by the defendants, at any stage of the proceedings, to the form of the plaintiff's action, nor to his right of recovery against the wife alone, or jointly with the husband. The title of the wife to the lots and building, as alleged in the complaint, was not disputed. No special contract was proved. Some of the witnesses, called to show

the work, &c., seem to have testified that it was done for Mr. Catlin; others, for Mrs. Catlin; and others, "for the defendants;" and neither of them was interrogated particularly, as to which of the defendants was the employer. The premises were identified, and it was in evidence that the defendant, John M. Catlin, was frequently seen about them, while the work was in progress.

The referee reported that the plaintiff was "entitled to recover from *the defendants*" the sum claimed by him, in accordance with the charges upon his books, deducting payments and the amount of the note given under the order obtained by Kennedy and Hill; and that the plaintiff should be adjudged to have a lien upon the said premises for the said sum, and costs, &c.

The defendants appealed to the general term from a judgment entered upon the report.

*William I. Street*, for the defendants.

*George Buckham* and *H. Smales*, for the plaintiff.

By THE COURT. WOODRUFF, J.—I think this report should be set aside. The amount found due by the referee seems to me greater than is warranted by the evidence. That, however, would be no ground for ordering a new trial, if it rested simply upon the weight of the evidence, or upon the credibility of the witnesses.

But where a painter or other person is employed to perform work, he is entitled to recover, not what he pays his workmen, with a per centage thereon, but *quantum meruit*, and as to the materials furnished, *quantum valebant*. Now, if entries in the plaintiff's books are to be deemed, when the books are properly proved, *prima facie* evidence, how is a defendant, in any case, to show, that time was needlessly wasted in or about the work, and that the fair value of the work is less than the aggregate charges in the plaintiff's books? Obviously, by submitting the work to the inspection of experts, and proving its fair value. If he may not hope to attain justice in this

mode, then an employer is at the mercy of the employee, unless he takes the unusual and extraordinary means to protect himself, by setting a watch over the work, to take note of the time, materials, &c., and especially to mark the industry or idleness of the workmen.

This mode of proof was, however, permitted to the defendants; and I repeat, as before, that had the referee simply decided the amount upon his judgment of the credibility of the witnesses, or of the weight of the evidence, we could not interfere upon this ground. But he did not. The defendant had proved the value of the whole work by some witnesses, and was proceeding to call others, when he was stopped by the referee, upon the ground that it was *unnecessary and useless* to accumulate, to any further extent, testimony of experts as to the value of the work done.

This must have been on the ground, that the value of the work was proved by *sufficient* evidence to be, as it was claimed to be by the defendant.

Or, on the ground that the entries in the plaintiff's book were so *conclusive*, that no amount of evidence which could be furnished by the opinions of experts, who examined the work, could overcome it.

If the suggestion of the referee was based upon the former, then his finding is a direct contradiction of the suggestion.

If upon the latter, then it was erroneous.

It is true, that no exception is found in the case, founded in this precise objection; but this goes very far to sustain the claim that the report is far too much, and that injustice has been done. The defendants, I think, had a right to assume that the referee was satisfied by the proofs he had given. But it appears by the result, that no amount of such evidence would have availed to satisfy him, when opposed by the entries in the plaintiff's book. A mere *suggestion* by the court, that no further proof was necessary, (upon which the party was not bound to act, and upon which, in some degree, he acted at his peril,) would not, of itself, be a sufficient ground for reversal;

but it may guide our discretion when we deem the finding of the referee against the weight of the evidence.

In 7 Cow. 29, the suggestion came from the judge, as a mere opinion. Here it came from the referee, who was both judge and jury.

I do not perceive how Mrs. Catlin, a *feme covert*, is liable at all in this proceeding. She could not contract for the erection of the building; and I am by no means satisfied that she could, by any contract, subject the building to a lien, except by a pledge of some sort, (by mortgage or otherwise,) in writing duly acknowledged.

Certainly, she could not bind herself personally; and yet this judgment is against the *defendants jointly*, and binds them personally, and also orders a sale of the building.

Surely no *joint* contract is proved; and if Mrs. Catlin is liable at all, then her *husband* is not liable jointly with her.

INGRAHAM, FIRST J., concurring.—An intimation from the judge, that the defendant need not produce further testimony, is no ground for a new trial, although the decision is against him. (7 Cow. 29.)

I concur in the impropriety of a report against the wife. The notice of lien is against the wife, as owner, upon a contract made with John M. Catlin. If he made the contract, then his interest in the land is all that is liable. If the contract was made with Mrs. Catlin, by her agent, John M. Catlin, it should have been so stated in the notice creating the lien. Whether a married woman could make such a contract, would still remain to be decided. The difficulty, however, on this point is, that the objection is not taken in the answer, or on the trial.

I concur, also, in the opinion that the evidence of the plaintiff's books was not conclusive upon the defendants; but that the admission by the referee, that the proof of value of the work was sufficient, ought to have called from the plaintiff other testimony to rebut the presumption that the labor or materials were overcharged; and in the absence of any proof as

to the mode of doing the work, that the report adopting the plaintiff's books as conclusive, was against the weight of evidence.

The evidence of the correctness of the books is, at best, very doubtful. The correctness of the books is to be proved by dealers, not by persons in the employ of the party who keep their accounts, to charge to his debtors. An overcharge in their work is not likely to be objectionable. The rule which, at best, is a bad one, and ought not to be extended, requires that dealers should prove that they dealt with the party, and found his accounts, on settlement, correct.

DALY, J., dissenting.—The final order made upon the proceedings supplementary to execution was, that the defendant, John M. Catlin, should give his note, at ninety days, for $380, with a general provision that he should pay over to the sheriff, or Kennedy and Hill's attorney, whatever sum of money was due to Hauptman, by himself, or his wife, or both. The amount of this note was paid by the defendant, and went so far in satisfaction of the judgment. It appears, by the order, to be the amount then ascertained to be due. It is inferable that it was the extent to which the judge, from the facts before him, could make a compulsory order for the payment of a specific sum. That the defendant did not admit that any greater sum was due, is apparent from his denial in the answer that even the $380 was due. To reach the residue, Kennedy and Hill must have had a receiver appointed. (*Wyck* v. *Budley*, 3 Code R. 159.) It does not appear that a receiver was appointed, but they sold real estate of Hauptman, under the execution, which realized $750, thus reducing the amount due upon their judgment, to $55 24. If it had appeared that Catlin, when examined, had admitted that this sum of $55 24 was due to the plaintiff, and the judge had, accordingly, made an order that he pay it over to Kennedy and Hill, it would be doubtful, even then, unless he had paid it, whether it could be deducted in the suit from the plaintiff's claim. If such an order existed, Catlin could protect himself by paying it to Kennedy and Hill; and if he denied the existence of any indebt-

edness, beyond $380, which it would seem he did, Kennedy and Hill's remedy would be by an action against him by the receiver; and if the plaintiff and the receiver both sought to recover it by action, the court could direct, when Catlin's liability was established, to whom it should be paid. As the case stands here, the existence of this order constituted no defence, in whole or in part, to the plaintiff's claim.

A sufficient foundation was laid for introducing the plaintiff's books in evidence. It was shown that he kept no clerk; that the books contained the daily entries made in the regular course of his business; that he kept fair and honest books. Some of the items, such as charges for materials furnished, were proved, and there was evidence to show that other charges were fair and reasonable. Many of the entries were made by the workmen, temporarily on a slate, and were then transferred, generally the following morning, by the plaintiff himself, to the books; but this would not render them the less admissible. (*Sickles* v. *Mathew*, 20 Wend. 72; *Ingraham* v. *Beckins*, 9 Serg. & Rawle, 285.) To warrant the introduction of the books, the party is bound to prove, by those who dealt and settled with him, that he keeps fair and honest books; and this the plaintiff did. Corey proved that he had purchased different articles of the plaintiff, quantities of lead, oil, &c., on credit, which were entered in the day books, and that he settled with him for the articles purchased, and found the entries correct. The deficiency of evidence upon this point appears to be the principal objection now urged against their introduction; but it was amply sufficient. The number of days' labor charged for in the books is 265 days, and the plaintiff proved 250 days' work, by his witnesses, which certainly was strongly in support of the general accuracy of the books.

From the nature of the building, and the manner in which this work was done, it was far more satisfactory in fixing its value, that the referee should be guided by the number of days' work that had been done and by the materials consumed, than by the general estimate of persons in the same business, who saw the house after the work was completed.

At all events, it was a question for the referee, and cannot be reviewed here.

There is nothing to show that the portion of Catlin's examination, which was excluded, was at all material to the case. It was proved by the plaintiff that he had said that he had paid but fifty dollars on the bill. That portion of the deposition, and all relating to that admission, the defendant was allowed to give in evidence. It does not follow that because the admission was proved to have been made upon his examination, that the defendant was entitled to the whole of his examination. It could only be material or admissible, so far as it went, to repel the presumption created by that admission. And if it contained any thing more than that which the defendant was allowed to read which was material, he should have made his offer of the portion he desired to read, and have taken the ruling of the referee, specifically, upon it.

I see no ground for disturbing the finding of the referee. There may be a question as to the right to include the wife as a defendant in this action, and bind her property by a lien founded upon a contract made by her husband. But the objection was not raised by the answer, or made before the referee, and cannot, consequently, be reviewed upon a motion to set aside the report.

Judgment reversed.