## NEW YORK SUPERIOR COURT.

EMIL VAN SCHONING agt. ANDREW BUCHANAN and THOMAS MITCHELL.

Where, in an action to recover the possession of personal property wrongfully detained, the verdict is in favor of the plaintiff, and assesses the value of the property at forty dollars, the defendant is not entitled to costs, although the verdict does not award any damages to the plaintiff.

*Heard May* 10 ; *decided May* 24, 1862.

*Before* BOSWORTH, *Ch. Justice*, and MONCRIEF, ROBERTSON, WHITE and BARBOUR, *J. J.*

IN this action, which was brought to recover the possession of personal property wrongfully detained, the jury found for the plaintiff, and assessed the value of the property at $40. The verdict was silent as to the question of damages. The defendant had his costs taxed, and entered up a judgment in his favor for such costs ; directing the $40 deducted from the costs, and awarding execution for the balance. On motion, the judgment was set aside as irregular, (*ante p.* 44,) and from the order setting it aside the defendant appealed to the general term.

W. R. STAFFORD, *for appellant.*
A. H. REAVY, *for respondents.*

By the court, BOSWORTH, Ch. J. Section 304, sub. 2 of the Code enacts that " costs shall be allowed of course to the plaintiff upon a recovery" (§ 304) " in an action to recover the possession of personal property," (*sub.* 2 *of* § 304.)

So long as this provision continues in force, a defendant cannot have the costs of such an action when the plaintiff recovers therein. The plaintiff has recovered in this action, and the plaintiff is entitled to costs. But subdivision 4 of § 304 contains a provision which affects the question

Van Schoning agt. Buchanan.

of the *amount* of costs recoverable, but not the *right* to costs. That provision is, that the plaintiff shall " recover no more costs than damages," (when his damages are less than $50,) " unless he also recovers property the value of which, with the damages, amounts to fifty dollars." The plaintiff recovered property of the value of $40, but the jury assessed no damages in his favor.

The legislature undoubtedly intended to permit a plaintiff to sue for and recover the possession of personal property, even though its value, with the damages for its detention, might not amount to $50, and even in that case to recover as much costs as damages. And it may be stated as a rule, without an exception, that wherever a plaintiff recovers property unjustly detained, he is entitled, as a matter of course, and as a strict legal right, to recover at least nominal damages. But whether he recovers six cents damages and only six cents costs, or recovers no damages and collects no costs, is a matter of only twelve cents consequence so long as he cannot in any event be compelled to pay costs.

The order vacating the judgment is correct. But if the plaintiff desires a judgment of six cents damages and six cents costs, he must apply for leave to amend the verdict so as to give him six cents damages. *Beemus* agt. *Beekman* (3 *Wend.*, 667, and 7 *Cow.*, 30,) is an authority that the court may amend the verdict, where the amendment made follows the finding as a necessary legal consequence of such finding. (*Burhans* agt. *Tibbits*, 7 *How. Pr. R.*, 21.) The order appealed from declares " that the motion to set aside the judgment entered in this action in favor of the defendants and against the plaintiff, * * be and the same is hereby granted, with seven dollars costs to be paid by defendants to plaintiff's attorney."

If the verdict is to be amended, it should be done at special term on a motion for the purpose. The order appealed from does not purport to touch that question, and the

defendant, alone, appeals from it. On this appeal, all that can regularly be done is to affirm the order, with $10 costs.