## CLARA A. McKEAN ET ALS v. SALLY CUTLER.

In replevin, a verdict for the plaintiff on the question of title, will not, on motion of the defendant, be set aside for an omission of the jury to assess the plaintiff's damages.

REPLEVIN for wood. The issue tried was whether the wood was the property of the plaintiffs. The jury returned a verdict for the plaintiffs, but assessed no damages for the caption or detention. The defendant moved for a new trial; and the questions of law arising upon that motion were reserved. After verdict, the plaintiffs remitted, on the record, all claim to damages. At the next term after verdict, the plaintiffs moved to amend the verdict by inserting one cent damages, and to remit the same.

*Eastman & Cross* for defendant.

The verdict is defective. This point is expressly decided in *Kendall* v. *Fitts*, 22 N. H. 1, 9. The court say: "No judgment can, by law, be rendered upon the verdict in the form in which it is returned." The remitting of damages will not help the plaintiffs. In cases where the damages are excessive, the remission of damages will answer, but in this case there is no legal verdict and so a legal one cannot be made It is too late for the plaintiffs. In this State the assessment of damages is necessary. There can be no judgment for the plaintiffs without damages assessed. In assumpsit on a note, a verdict that the defendant did promise &c., without an assessment of damages, would be defective, and a judgment rendered thereon would be reversed on error.

*A. W. Sawyer* for plaintiffs.

I. A verdict may be amended in matter of form, at any time before final judgment. *Cane* v. *Watson*, 1 Morris 52 (Iowa.) When the verdict is irregular in form the court may put it in form, without the consent of the jury, provided the meaning be not changed, even after the jury have separated. *Gordon* v. *Higley*, 1 Morris 13 (Iowa.) In Vermont the court have power to correct any informality in a verdict after the jury are discharged. *Foster* v. *Caldwell*, 18 Vt. 176. Every proper intendment is to be made to sustain a verdict. *Elkins* v. *Parkhurst*, 17 Vt. 105 ; *Huntington* v. *Ripley*, 1 Root 321. If the amendment is merely formal it may be made. *Little* v. *Larrabee*, 2 Greenleaf, 37 and cases cited ; 1 Salk. 47, 53 ; Cro. Car. 144, 338 ; Cro. Eliz. 677, 112 ; Cro. Jac. 239 ; Lord Raym. 335 ; 2 Str. 1197 ; 4 Co. 52 ; 3 Bulstr. 181 ; Hutt. 52 ; *Hobert* v. *Hagget*, 12 Maine 67.

In replevin, where the jury find for plaintiff generally, and assess no damages, the court will so amend the verdict and judgment as to assess nominal damages. *Coit* v. *Waples*, 1 Min. 134. In *Beekman* v. *Bemus*, 7 Cowen 29, the action was replevin, and the jury neglected to assess damages, but found for plaintiff. The court permitted the verdict to be amended by inserting nominal damages. If the verdict is good in substance the court may amend any defect in form. *Diekl* v. *Evans*, 1 Serg. & Rawle, 367.

II. The release of damages by the plaintiff cures the defect in the form of the verdict. *Bentham's Case*, 11 Coke 56.

III. In a case like this, omission to assess damages operates beneficially to the defendant, and is therefore no error. A judgment will not be disturbed for a substantial defect in a verdict, where the record shows that such defect cannot by any possibility operate to the prejudice of plaintiff in error. *Harvell* v. *Stringfield*, 1 Morris 18 (Iowa.)

When the counsel for defendant argued this case, the Chief Justice propounded the question, " whether a judgment rendered on this verdict would be error", and counsel contended it would be error.

The plaintiffs contend, that where, as in this case, the omission operates beneficially to the defendant, error will not lie. The omission to assess damages is in favor of defendant. *Holman* v. *Kingsbury*, 4 N. H. 106 ; *Allen* v. *Aldrich*, 29 N. H. 63 ; *Luey* v. *Bundy*, 9 N. H. 298 ; *Sanborn* v. *Emerson*, 12 N. H. 58 ; *Taylor* v. *Jones*, 42 N. H. 25 ; *Whittier* v. *Varney*, 10 N. H. 291 ; *Litchfield* v. *Londonderry*, 39 N. H. 247 ; *Sterret* v. *Creed*, 2 Ham. 343 ; *Trabue* v. *McKettrick*, 4 Bibb 180 ; *Hughes* v. *Stickney*, 13 Wend. 280 ; *Henry* v. *Smoot*, Minot 18 ; *Covey* v. *State*, 4 Port 186 ; *Hummitt* v. *Bullett*, 1 Call 567 ; *Overley* v. *Paine*, 3 J. J. Marsh 717 ; *Unangst* v. *Kraemer*, 8 Watt & Serg. 391 ; 5 Watt & Serg. 188 ; *Ross* v. *Neal*, 7 Monr. 407 ; *Union Bank* v. *Planters' Bank*, 9 Gill & Johns. ; *Burt* v. *Dodge*, 13 Ohio 131 ; *Clark* v. *Fox*, 9 Dana, 193, 196—27, 3, 59.

Judgment may be reversed as to damages and affirmed as to costs. *Cummings* v. *Pruden*, 11 Mass. 206 ; *Wells* v. *Fowler*, Kirby 236 ; *Dixon* v. *Pierce*, 1 Root 138.

In *Kendall* v. *Fitts*, 22 N. H. 1, the plaintiff made no release of the damages, and made no motion to the court to amend the verdict by inserting nominal damages.

The plaintiffs in this case move the court to amend the verdict by inserting one cent damages and those damages are remitted on the record.

DOE, J. *Kendall* v. *Fitts*, 22 N. H. 1, was replevin for a wagon; issue was joined on the plaintiff's title to the wagon; the jury found a verdict for the plaintiff upon the issue presented by the pleadings, but assessed no damages; and it was held that the omission to assess the plaintiff's damages, was a fatal defect, and that no judgment could by law be rendered on the verdict; and on that ground the verdict was set aside. That decision is an authority directly in point in the present case, and the question is whether it shall be followed or overruled.

The principle upon which that decision was made is that damages are necessary to the validity of a judgment for the plaintiff in replevin. Such plaintiff certainly may recover damages for the caption and detention of the replevied property if he prevails in his suit; his verdict an judgment are not invalidated by his damages included therein. But no authority was cited in *Kendall* v. *Fitts*, and no authority except *Kendall* v. *Fitts* is cited in this case, having any tendency to show that in contemplation of law damages are a necessary foundation or ingredient of a judgment for the plaintiff in replevin; and if they are not necessary in the judgment, they cannot be necessary in the verdict. No reason has been suggested for requiring damages to support a judgment in replevin, that would not apply to other forms of action. In the nature of replevin, its form, substance, methods, or results, there is no peculiar need of damages as a basis or element of a judgment. If damages are necessary, they must be required by some general rule of law which establishes the quality of a judgment, not only in replevin but in other legal proceedings, and prescribes damages as a constituent or incident indispensable to the legal idea of a judgment. But there is no such general rule. How many judgments for defendants, at common law, have the support of damages? It has not been understood that a writ of error would lie to reverse a judgment entered for a plaintiff on demurrer if damages were not assessed; and if damages are necessary in a judgment, it must be immaterial whether the judgment is rendered upon an issue of fact or an issue of law.

Blackstone, in his chapter on judgment and its incidents, does not intimate that damages are necessary in practice, or that they are necessarily associated with the legal idea of a judgment, (3 Bl. Comm. 386—401) although he speaks of costs as having become, by statute, "a necessary appendage" of a judgment. "The first statute which gave costs, *eo nomine*, to the demandant in a real action was the statute of Gloucester, 6 Edw. I. c. 1, as did the statute of Marlberge, 52 Hen. III. c. 6, to the defendant in one particular case * *; though in reality costs were always considered and included in the *quantum* of damages in such actions where damages are given; and even now costs for the plaintiff are always entered on the roll as increase of damages by the

court. But because those damages were frequently inadequate to the plaintiff's expenses, the statute of Gloucester orders costs to be also added; and further directs that the same rule shall hold place in all cases where the party is to recover damages. And therefore in such actions where no damages were then recoverable * * no costs are now allowed unless they have been expressly given by some subsequent statute. * * But no costs were allowed the *defendant* in any shape till the statutes 23 Hen. VIII. c. 15," &c. 3 Bl Comm. 399. In an assize of *novel* disseisin, upon the general issue, if the jury "find an actual seisin in the demandant, and his subsequent disseisin by the present tenant, he shall have judgment to recover his seisin, and damages for the injury sustained; being the only case in which damages were recoverable in any possessory actions at the common law * *. But costs and damages were annexed to many other possessory actions by the statutes of Marlberge * * and Gloucester." Id. 187. Damages not being recoverable in all actions at common law, it cannot be the theory of the law that damages are essential to a valid judgment. 1 Saund. Pl. & Ev. 889.

Under the English rule which gave costs not to the prevailing party, but to the party recovering damages, a contest in regard to nominal damages, sometimes indicates that costs are its real and sole object, and does not indicate that damages are essential to a judgment for the plaintiff on the subject matter of the suit. *Goodtitle* v. *Otway*, 8 East 357; *Reg.* v. *Fall*, 1 A. & E. (N. S.) 636, 647.

"Marsh brought a writ of annuity against Bentham, and the parties came to issue, which was tried for the plaintiff, and found the arrearages, &c., but the jury did not assess any damages or costs; which verdict was imperfect, and could not be supplied by writ of enquiry of damages; but the plaintiff released his damages and costs, and thereupon had judgment: upon which the defendant brought a writ of error, and assigned the error aforesaid, *scil.*, the insufficiency of the verdict; *sed judicium affirmatur* because the plaintiff has released his damages and costs, which is for the defendant's benefit. *Vide* 22 Eliz. Dyer 369, 370, where in a writ of *ejectione custodiæ terræ et hæredis*, the jury assessed damages entirely, which was insufficient; but for the heir it doth not lie, yet he released his damages, and judgment for the land. *Nota* an insufficient assessment of damages, and no assessment, is all one." *Bentham's Case*, 11 Rep. 56.

The reason of the rule, that in some cases the omission of damages could not be supplied by writ of enquiry was that the defendant would be deprived of the benefit of a writ of attaint if excessive damages should be given. Com. Dig. *Damages*, E. 1; Tidd Pr. 516. 517; Co. Lit. 355, b; 3 Bl. Comm. 402, 405; 2 Saund. Pl. & Ev. 218; *Cheyney's Case*, 10 Rep. 118 b, 119; *Heydon's Case*, 11 Rep. 5, 6; *Eichorn* v. *LeMaitre*, 2 Wils. 367, 368, 369; *Clement* v. *Lewis*, 3 B. & B. 740, 741. But as the remedy by writ of attaint does not exist here, it does not furnish a reason for refusing to correct the omission of damages by a writ of enquiry, (Broom L. Max. 118), and, upon application of the party injured by the omission, a court acting upon the com-

mon law as amended by the abolition of the writ of attaint, might award a writ of enquiry—a process which would be equivalent to a new trial on the single point in which there was error. And in the present case, if the defendant were injured by the omission of the plaintiff's damages, the most he could claim would be a new trial on that point.

In a case in which damages are the sole or principal remedy sought by the plaintiff, if the jury return a verdict for the plaintiff without damages, and the omission is not discovered in season to allow a reconsideration of the case by the same jury, perhaps the court might, under peculiar circumstances, infer, as matter of fact, that the jury intended to return a verdict for the defendant, or that some other serious mistake had happened which could not certainly and properly be corrected without a new trial of the whole case by another jury. But in replevin no such inference could ordinarily be drawn, because in replevin the plaintiff generally does not seek damages ; and, in any case, such an inference would not be a matter of law, would not be a subject of exception, and could not be revised at the law term unless reserved by the justice presiding at the trial.

Damages are not essential to a judgment for a defendant in assumpsit, trespass, or writ of entry, or to a judgment for either party on demurrer ; they are not recoverable in all actions at common law ; we are aware of no general principle which renders damages indispensable in judgments on issues of fact found for the plaintiffs in those actions in which damages may be recovered ; it is not claimed that there is any peculiar rule in replevin, requiring damages to support a judgment for the plaintiff; and our conclusion is that the decision in *Kendall* v. *Fitts* cannot be sustained, and that no damages are necessary to the rendition of judgment on this verdict. The defendant's objection to the verdict, can rest on no other than purely technical ground ; and, taking the most technical view, the issue submitted to the jury related to title, and contained no formal question of damages ; the verdict followed the form of the issue ; and the judgment may follow the form of the verdict, without any departure from the strictest technicalities. There is no inflexible form of judgment. In every case, a judgment, whether authorized by common or statute law, is merely the conclusion that naturally and regularly follows from the premises of law and fact. 3 Bl. Comm. 396. The logical conclusion that follows from the law, and the fact settled by the verdict, in this case is that the plaintiffs maintain their action, that they are the prevailing party, that the wood belongs to them, and they are entitled to keep it without paying the defendant any damages or costs, and further that they are entitled to recover costs of the defendant. That result, stated on the record in any intelligible form, will be a good judgment. There is not any word or form of expression that is indispensable in a judgment. Forms are convenient, but they are not to be mistaken for law. Sometimes they are evidence tending to show, with more or less force, what the law is, but they are not law. The common law is not a system of rigid form and senseless routine devised for the delay or defeat of justice. Occasionally it has been perverted or misunderstood by some who have theo-

retically or practically dissented from the opinion of Lord Coke that it is the perfection of reason ; but the tribunal that most fully sustains and justifies the opinion of Lord Coke by adhering to the substance and spirit rather than the form and letter, proceeds upon the soundest principles and the highest authorities.

When damages are the remedy sought by the plaintiff, and the jury give him a verdict without damages, he may have the error corrected, not because damages are a necessary element in the legal constitution of a judgment, but because the record shows that the plaintiff is deprived of something to which he is entitled.    But if the only error is in omitting the plaintiff's damages, it is an error of which the defendant· cannot complain.    The criminal law of England was formerly regarded as unreasonably severe, and the English courts undertook to mitigate its rigor by the introduction of intense formalism in criminal proceedings, and by reversing judgments for reasons that could be sustained only by the cause of humanity.    Thus, in high treason, if the clause *quod interiora ipso vivente comburentur* was omitted, the judgment was reversed on the application of the defendant although the omission was favorable to him.    Com. Dig. Judgment, X, 1.    But in this State no appeal in behalf of humanity can be made for the adoption of the absurd refinements of English criminal jurisprudence.    And, in civil cases, the general rule is, that a party cannot object to a defect which is practically beneficial to him.    The plaintiff's damages being too small is no cause for setting aside a verdict on motion of the defendant (*Luey* v. *Bundy*, 9 N. H. 298) ; and if the verdict gives the plaintiff no damages, the defendant has less reason to complain than if the amount were merely too small.    A verdict is not set aside for error in a ruling of the court, if the error was in favor of the party excepting to it (*Fowler* v. *Tuttle*, 24 N. H. 9 ;) and a defect in a verdict must be governed by the same rule.

Even if a judgment could not be rendered for the plaintiff without damages, it is clear, upon the authorities, that, at common law modified by the abolition of the writ of attaint, the damages could be ascertained by writ of enquiry, and the verdict which settled the title would not be set aside ; in our practice, a formal writ of enquiry being unnecessary, (*West* v. *Whitney*, 26 N. H. 314, 315 ; *Chase* v. *Lovering*, 27 N. H. 295), the question of damages might be submitted to a jury without any supplementary writ, process, or pleading.    It is also settled that when a party is entitled to damages, he may have judgment for a nominal sum without the idle formality and circuity of a trial in which the jury would be required by law to give nominal damages.    *Feize* v. *Thompson*, 1 Taunt. 121 ; *Reg.* v. *Fall*, 1 A. & E. (N. S.) 636 ; *Coit* v. *Waples*, 1 Minn. 134 ; *Beekman* v. *Bemus*, 7 Cow. 29 ; *Chaffee* v. *Pease*, 10 Allen 537.    *Parks* v. *Turner*, 12 How. U. S. 39, was an action brought upon a promissory note ; the defendant denied that there was any consideration, and, upon that issue, the verdict was, " We, the jury, find for the plaintiff ;" and it was held that judgment was properly rendered on the verdict for the amount of the note.    The verdict had informally settled the question of consideration which

was the only point of controversy; and the damages, being a mere matter of computation requiring no weighing of evidence and no exercise of judgment, were assessed by the court. It would have been a useless ceremony to call upon a jury to find an amount fixed by law. In the present case the verdict has settled the title of the wood, and thereupon the plaintiff is entitled to nominal damages at least; and if damages were necessary, there would be no more difficulty in rendering judgment for nominal damages than there was in rendering judgment for substantial damages in *Parks* v. *Turner*.

The only material difference between the United States statute of amendments, act of 1789, ch. 20, sec. 32, under which *Parks* v. *Turner* was decided, and the New Hampshire statute of amendments, is, that, by the former, exception to errors of form can be taken only by demurrer; whereas, by the latter, such exception cannot be taken even by demurrer, the benefit of the statute being " attained by the court's overlooking the exception"(3 Bl. Comm. 407, 408), unless the party desiring to bring the subject to the notice of the court, moves " for an order that the defect be amended." *Berry* v. *Osborn*, 28 N. H. 279, 287. Amendments may be made after verdict " in matters used as evidence in the cause, where they are not of a nature to affect the finding of the jury." *Whittier* v. *Varney*, 10 N. H. 291, 304. Verdicts may be amended. *Goodtitle* v. *Otway*, 8 East 357; *Reg.* v. *Fall*, 1 A. & E. (N. S.) 636; *Feize* v. *Thompson*, 1 Taunt. 121; *Roach* v. *Hulings*, 16 Pct. 319, 322; *Murphy* v. *Stewart*, 2 How. U. S. 263; *Parks* v. *Turner*, 12 How. U. S. 39; 1 Dall. 134; *Com.* v. *Judd*, 2 Mass. 329, 334; *Clark* v. *Lamb*, 8 Pick. 415; *Jones* v. *Kennedy*, 11 Pick. 125; *Chaffee* v. *Pease*, 10 Allen 537; *Foster* v. *Caldwell*, 18 Vt. 176; *Coit* v. *Waples*, 1 Minn. 134; *Beekman* v. *Bemus*, 7 Cow. 29.

Our statute of amendments has merely revived and restored the primitive simplicity, equity and good sense of one branch of the common law. Blackstone traces the English practice of refusing amendments to its origin in early times, and shows that its introduction under peculiar circumstances, was not founded on any principle of the common law or any authority worthy of respect. 3 Bl. Comm. 407, 411. " The precedents then set were afterwards most religiously followed, to the great obstruction of justice and ruin of the suitors, who have formerly suffered as much by this scrupulous obstinacy and literal strictness of the courts as they could have done even by their iniquity. After verdicts and judgments upon the merits they were frequently reversed for slips of the pen or misspellings; and justice was perpetually entangled in a net of mere technical jargon. The legislature hath therefore been forced to interpose by no less than twelve statutes to remedy these opprobrious niceties; and its endeavors have been of late so well seconded by judges of a more liberal cast that this unseemly degree of strictness is almost entirely eradicated, and will probably in a few years be no more remembered than the learning of essoigns and defaults, or the counterpleas of voucher are at present." Id. 411.

*Judgment on the verdict.*